Argued and submitted January 6, affirmed May 9, 1984

In the Matter of the Compensation
of Jerry L. Proctor, Claimant.

**PROCTOR,**
*Petitioner,*

*v.*

**SAIF CORPORATION,**
*Respondent.*

(WCB No. 82-04509; CA A28615)

681 P2d 161

Brian R. Whitehead, Eugene, argued the cause for petitioner. On the brief were Evohl F. Malagon, and Malagon & Associates, Eugene.

Darrell E. Bewley, Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant appeals an order of the Workers' Compensation Board that held that he is barred by a disputed claim settlement and stipulation from recovering on a psychological claim. We affirm.[1]

Claimant sustained a compensable injury on November 8, 1976, which resulted in pain in his arm and shoulder. During the course of treatment for this physical injury, he was evaluated by several psychiatrists, who concluded that he suffers from a preexisting personality disorder but reached inconsistent conclusions as to whether the preexisting disorder was aggravated by his industrial injury.

On July 19, 1980, the parties entered into a stipulation that resolved all issues then pending. Pursuant to this stipulation, claimant was awarded 10 percent scheduled disability for his left arm. The agreement stated that his "claim for an alleged psychological condition related to claimant's industrial injury * * * [was] fully compromised and settled * * *." The claim was to remain in a denied status. Claimant was paid $1,000 for settling the psychological claim.

In this proceeding, claimant, in an apparent attempt to avoid the effect of the settlement, contends that the condition which originally was disputed and settled was different from the currently diagnosed condition. Specifically, he says that the $1,000 he received in 1980 was for a particular psychological condition, *i.e.,* psychogenic pain disorder. He argues that he is now suffering from dysthemia, which he characterizes as a new and separately compensable condition. Because this disability occurred after the stipulation, claimant asserts, it could not have been settled by the stipulation, and he has a right to establish the new claim.

Claimant is correct that he could recover if he establishes that, after the stipulation, he had developed a new psychological condition related to his compensable injury. However, on the basis of our review of the medical reports, we find that he has failed in his burden to prove a new condition.

---

[1] We have reviewed claimant's other assignments of error which deal with his aggravation claim and conclude that they do not merit discussion.

We agree with the Board's perception of the case. Granted, there is medical evidence that claimant "has experienced a worsening of his psychological and emotional condition." However, a close examination of the evidence makes it clear that claimant's present depressive neurosis was, in fact, a diagnosed condition in 1980, when the parties entered into their settlement. Indeed, a presettlement report of one of the psychiatrists contains an opinion that the injury and the depression are related by the fact that the depression occurred so close to the injury.

We find no evidence that claimant suffers a new psychological disability stemming from his physical disability which is not the natural result of the psychological disability that existed at the time of the stipulation. Depression is the focus of his malady, both before and after the stipulation. To rule in claimant's favor would be to require SAIF to pay again for what it has already paid.

Affirmed.