Argued and submitted January 28, affirmed February 27, 1991

In the Matter of the Compensation of
Deborah L. Pearson, Claimant.
INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

Deborah L. PEARSON,
*Respondent.*

(WCB 87-06095; CA A65174)

806 P2d 189

Paul L. Roess, Portland, argued the cause for petitioner. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

James L. Edmunson, Eugene, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order that held employer responsible for certain medical services. The parties do not argue that the findings were not supported by substantial evidence. We review for errors of law. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 752 P2d 312 (1988). We affirm.

Claimant was compensably injured on March 21, 1983. On October 26, 1983, while on her way to her doctor's office for treatment of the compensable injury, she was involved in an automobile accident, which traumatized the same body parts that had been injured in the industrial accident. In October, 1985, claimant's attorney submitted medical bills to employer for payment. Employer denied responsibility for them, asserting that they were "the direct result of the motor vehicle accident * * *." Claimant requested a hearing. The parties entered into a disputed claim settlement, which provided, in part:

"[T]he parties do hereby stipulate and agree as follows:

"* * * * *

"III

"That a bona fide dispute exists with regard to the compensability of and the responsibility for the billings submitted [on] October 29, 1985 * * *; that all of the issues raised and raisable by the Request for Hearing and the Supplemental Request for Hearing should be settled on the basis of a bona fide dispute by a lump sum payment * * *; that claimant fully understands that said bona fide dispute and compromise is in full and final settlement of any contention that the billings submitted [on] October 29, 1985 are compensable, * * * and that liability for the billings submitted [on] October 29, 1985 is expressly denied by International Paper Company.

"IV

"That claimant's Request for Hearing and Supplemental Request for Hearing (and all issues raised thereby, and which could have been raised thereby) shall be, and the same hereby are dismissed with prejudice, and the written denial of * * * International Paper Company[] of February 20, 1986 shall be, and the same hereby is, affirmed and approved.

"V

"Claimant represents, and it is fully understood and agreed, * * * that all of the billings submitted [on] October 29, 1985 were solely occasioned by the motor vehicle accident of October 26, 1983."

After the settlement, claimant submitted additional medical services billings to employer. Employer denied responsibility, claiming that they were for services not "substantially dissimilar" to the services previously denied and compromised by the disputed claim settlement. After a hearing on the denial, the referee concluded that there was no evidence that the treatments for which claimant sought payment were for "non-automobile-related injuries" and affirmed the denial. On review, the Board reversed, rejecting employer's claim that the doctrine of *res judicata* precluded claimant from litigating the issue of whether the treatments were related to the compensable injury. It also found that the treatments were compensable because they were "materially related to injuries claimant sustained in the October, 1983, automobile accident."[1] Employer seeks review, claiming error in the Board's failure to apply *res judicata* to preclude this claim for medical services.[2]

Neither party disputes that it may not relitigate issues resolved by the disputed claim settlement. *See Proctor v. SAIF,* 68 Or App 333, 681 P2d 161 (1984). The issue comes down to what, precisely, was resolved by the settlement. Employer asserts that the settlement resolved that "[t]he *condition* for which chiropractic services [were] rendered in 1986 was determined to have been solely occasioned by the automobile accident * * *." (Emphasis in original.) We disagree with that characterization. The dispute that was resolved was whether certain medical services were compensable. The settlement did *not* resolve whether the *condition* for which the

---

[1] *Fenton v. SAIF,* 87 Or App 78, 83, 741 P2d 517, *rev den* 304 Or 311 (1987), held that, when a worker is injured in an accident during a trip to see a physician for treatment of a compensable injury, the new injury also is compensable.

[2] Employer asserts that the case should be remanded to the Board for a determination of whether the billings were related to the condition caused by the automobile accident. However, the Board made that finding in its original order. On reconsideration, the Board adhered to and republished its order, as supplemented. There is nothing in the order on reconsideration that would negate the Board's earlier finding that the medical services were related to the automobile accident.

medical services were provided was compensable. Claimant could not relitigate the responsibility for particular medical services that were the subject of the billings resolved by the settlement; however, because the settlement said nothing about the compensability of the underlying condition, resolution of the question of whether the earlier medical bills were payable is unrelated to whether further medical services for the same condition precipitated by the automobile accident are employee's responsibility. There was no such determination in the settlement agreement, and the Board acted correctly by considering and deciding whether the later medical services, which it found were related to the automobile accident, were compensable.

Affirmed.