Argued and submitted April 20, affirmed June 3, reconsideration denied
September 23, petition for review denied October 27, 1992 (314 Or 573)

In the Matter of the Compensation of
Dewey H. Gilkey, Sr., Claimant.

Dewey H. GILKEY, Sr.,
*Petitioner,*

*v.*

SAIF CORPORATION/
COOS COUNTY HIGHWAY DEPARTMENT
and Liberty Northwest Insurance Corporation/
Coos County Highway Department,
*Respondents.*

(84-13492, 85-10096, 85-10535,
86-03407; CA A69991)

832 P2d 1252

Brent Wells, Eugene, argued the cause for petitioner. On the brief were Donald M. Hooton and Malagon, Moore & Johnson, Eugene.

Jon Littlefield, Coos Bay, argued the cause for respondents Liberty Northwest Insurance Corporation and Coos County Highway Department. With him on the brief was Foss, Whitty, Littlefield & McDaniel, Coos Bay.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Coos County Highway Department. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's decision that his occupational disease claim relating to his left hip is not compensable.

Claimant had a compensable hip injury in 1975. The claim was closed in August, 1976. In 1978, claimant experienced severe hip pain, and his claim was reopened. Doctors determined that claimant's pain was caused by degenerative changes in the hip and discussed the possibility of surgery. SAIF denied responsibility for hip surgery in November, 1979. In May, 1980, claimant and SAIF entered into a disputed claim settlement (DCS), which provided:

> "It is agreed that SAIF shall pay to the claimant the sum of $4,000. This payment is not an acknowledgment of responsibility or compensability for the degenerate [sic] hip condition which is the subject of this disputed claim settlement. It is agreed that the denial shall remain in full force and effect. The claimant understands that there will be no future recourse for medical care and treatment, time loss benefits or permanent partial disability benefits arising out of the Workers' Compensation Act as a result of treatment or disability relating to the degenerative hip disorders involving the congenital dysplasia of both hips or degenerative osteo-arthritis of the left hip."

Claimant returned to work. His hip pain increased over the next few years. In March, 1984, Dr. Bert diagnosed severe degenerative arthritis and requested authorization for left hip replacement surgery, which SAIF refused, relying on the DCS.

In June, 1985, claimant filed an occupational disease claim with SAIF and also with Liberty Northwest Insurance Corporation, which was employer's insurer after July 1, 1984, claiming that the physical strain and stress of work had "aggravated, accelerated or precipitated" the development of hip problems requiring surgery. Both insurers denied the claim.

The Board found that claimant's hip condition had worsened since the 1980 DCS and that the worsening was greater than might have been expected by virtue of the aging

process alone. It also found that the DCS had the effect of establishing that claimant's degenerative hip condition as it existed on the date of the DCS was entirely the result of noncompensable causes. It reasoned that, as a result of the DCS, claimant was barred by *res judicata* and issue preclusion principles from establishing that the 1975 injury had contributed to his hip condition, and it found that he had not shown that work was the major contributing cause of the worsening.

■■    Claimant contends that the Board erred in failing to consider the effects of the 1975 injury in determining whether the present claim is compensable. We agree with SAIF and claimant that neither claim preclusion nor issue preclusion bars consideration of the 1975 injury as a work-related factor contributing to claimant's present condition. However, by virtue of the DCS, the parties *have agreed* that there is no compensable relationship between the 1975 injury and claimant's degenerative hip condition. They are bound by that agreement, and the 1975 injury cannot be regarded as having contributed to claimant's present condition. Although the Board appears to have relied, in part at least, on *res judicata* or issue preclusion principles, it also made this conclusion:

> "Dr. Bert's opinion establishes that work activity was a more important factor than off-work activity in producing the worsening of claimant's condition after 1980. Nonetheless, because Dr. Bert attributed the major factor in claimant's post-1980 worsened condition to be the 1975 injury, which has been found by law to have no effect, we conclude that claimant has failed to prove that his work activities after 1980, in comparison with nonwork related conditions, were the major contributing cause of his current degenerative arthritis condition and resultant surgery. *See David K. Boyer*, 43 Van Natta 561 (March 15, 1991). Accordingly, the denials of claimant's occupational disease claims are upheld."

That conclusion is correct.

Affirmed.