Argued and submitted April 17, affirmed December 16, 1992

In the Matter of the Compensation of
Esther M. Wasson, Claimant.

Esther M. WASSON,
*Petitioner,*

*v.*

EVANITE FIBER CORP.,
*Respondent.*

(89-22501; CA A71152)

843 P2d 1004

Edward J. Harri, Salem, argued the cause for petitioner. With him on the brief were Donald M. Hooton and Malagon, Moore, Johnson & Jensen, Eugene.

Paul A. Dakopolos, Salem, argued the cause for respondent. With him on the brief were Robert R. Trethewy and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Workers' Compensation Board order that denied her aggravation claim. We review for substantial evidence and errors of law, ORS 656.298(6); ORS 183.482(7), (8), and affirm.

Claimant sustained a compensable knee injury in 1985. In 1986, a determination order awarded her 30 percent scheduled permanent partial disability. In 1987, she filed claims for depression and for hip and back conditions, but employer denied those claims. The parties entered into a disputed claim settlement (DCS) that increased claimant's PPD to 60 percent and confirmed the denial of the hip and back conditions and the depression.

■■ Claimant now claims that her depression has worsened. The Board found that her depression has worsened since the DCS; however, it ruled that it was not compensable, because it was the same condition that had been denied in the DCS. Under *Proctor v. SAIF*, 68 Or App 333, 335, 681 P2d 161 (1984), a worsening is compensable only if the claimant can show that it is a *different* condition from the one that was denied in the DCS. *See also Gilkey v. SAIF*, 113 Or App 314, 832 P2d 1252, *rev den* 314 Or 573 (1992). Claimant's doctor testified that her current psychological condition is the same as was diagnosed in 1987. Substantial evidence supports the Board's finding that the depression was the same.

■ Claimant also argues that, by not allowing her to relitigate issues settled by the DCS, we are denying her an opportunity to contest an issue that would be a viable subject for an aggravation claim if it had been resolved through litigation. However, the DCS was a final resolution of the compensability dispute concerning her depression. Absent a showing that the present psychological condition is different from the original condition, permitting relitigation would undermine the finality for which employer *and* claimant bargained.

Affirmed.