Argued and submitted April 23, reversed and remanded for reconsideration
August 25, 1993

In the Matter of the Compensation of
Susie Fimbres, Claimant.

Susie FIMBRES,
*Petitioner,*

*v.*

GIBBONS SUPPLY CO.
and Liberty Northwest Insurance Corporation,
*Respondents.*

(90-16803; CA A76888)

857 P2d 904

Robert F. Webber, Medford, argued the cause for petitioner. With him on the brief was Black, Chapman & Webber, Medford.

Alexander D. Libmann, Portland, argued the cause and filed the brief for respondents.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of her aggravation claim for cervical spondylosis. We agree with claimant that employer was precluded from denying the claim by its prior stipulation that claimant's condition is compensable. Accordingly, we reverse.

Claimant injured her neck and left arm in May, 1987. Employer accepted the claim in July, 1987. The nature of the injury was described on the Form 801 as stiff neck and arm pain, and the claim was accepted as nondisabling by a check mark on that form. At the time, the injury was diagnosed as "cervical/dorsal strain/sprain," and suspected thoracic outlet syndrome.

Claimant continued to experience symptoms, and in February, 1989, Dr. Corson diagnosed cervical spondylosis. On March 7, 1989, employer denied the cervical spondylosis claim, on the ground that it was not related to the injury. Claimant requested a hearing. Corson was unable to relate claimant's symptoms to the 1987 injury, but later, in a letter to claimant's attorney, he checked a box indicating that claimant's current problems were related to her injury. In a July, 1989, letter to the insurer's attorney, he expressed the opinion that it was not possible to say, with any degree of medical probability, that claimant's accepted injury had either caused or worsened her spondylosis. In September, 1989, he reported that the injury had caused claimant's preexisting spondylosis to become symptomatic.

In March, 1990, employer amended its March, 1989, denial to deny only responsibility for claimant's spondylosis, and indicated the claimant's subsequent employment had independently contributed to a worsening of her condition. In June, 1990, the parties reached an agreement whereby employer rescinded its March, 1990, denial and agreed to "reopen the claimant's May 1, 1987 nondisabling claim." Claimant dismissed her request for hearing "with prejudice as to all issues raised or raisable."[1]

---

[1] The "Stipulation and Order of Settlement" provides:

"The parties stipulate as follows:

In July, 1990, Corson reported that claimant's condition had continued to worsen. He recommended that claimant have surgery. In August, 1990, claimant was examined by Medical Consultants Northwest, and it reported that claimant's worsened *cervical condition was due to a natural progression* of her cervical spondylosis, and not due to the compensable injury. On August 16, 1990, employer denied claimant's "current condition diagnosed as cervical spondylosis," on the ground that the condition was not related to the compensable injury. In November, 1990, employer rescinded that denial and issued a partial denial related to the cervical spondylosis:

> "We have recently received information that you are seeking treatment and surgery for a degenerative neck condition, diagnosed as cervical spondylosis which you allege to be related to your injury of May 1, 1987. Medical evidence in your file indicates that your current degenerative condition, diagnosed as cervical spondylosis is unrelated to your industrial injury of May 1, 1987 and, therefore, without waiving further questions of compensability, we submit this partial denial of your claim for benefits."

The parties do not contend that the condition for which claimant now seeks benefits is different from the condition that employer agreed to compensate when it reopened the claim pursuant to the parties' agreement in June, 1990. The Board held, and employer contends, that employer is permitted to deny the claim pursuant to ORS 656.262(6), which provides, in part:

> "[I]f the insurer or self-insured employer accepts a claim in good faith but later obtains evidence that the claim is not

---

> "(1) That Gibbons Builders Supply/Liberty Northwest hereby rescinds its denial of responsibility dated March 7, 1990 and shall reopen the claimant's May 1, 1987 non-disabling claim.
>
> "(2) Gibbons Builders Supply/Liberty Northwest shall pay claimant's attorney a reasonable attorney fee of $1,500.
>
> "(3) Interstate Stone & Block/Liberty Northwest shall pay claimant's attorney a reasonable attorney fee of $500.
>
> "(4) Claimant's request for hearing shall be dismissed with prejudice as to all issues raised or raisable."

The "order" portion of the document, signed by the referee, states, in part:

> "ORDERED that said settlement is approved as set forth in above stipulation and the claimant's request for hearing is dismissed with prejudice as to all issues raised or raisable."

compensable * * * the insurer or self-insured employer, at any time up to two years from the date of claim acceptance, may revoke the claim acceptance and issue a formal notice of claim denial."

We conclude that the agreement is not an "acceptance," for the purpose of ORS 656.262(6). It is a negotiated, signed, meeting of the minds, based on a weighing of choices and the exercise of judgment as to the most beneficial outcome for each party. It is approved by the referee, and has the finality and effect of a judgment. *See International Paper Co. v. Pearson*, 106 Or App 121, 806 P2d 189 (1991). We conclude that ORS 656.262(6) cannot and should not be construed to apply to such an agreement.

Reversed and remanded for reconsideration.