Argued and submitted January 18, affirmed May 4, 1994

In the Matter of the Compensation of
Mark C. Wells, Claimant.

SPERRY, INC.,
*Petitioner,*

*v.*

Mark C. WELLS,
*Respondent.*

(92-00547; CA A80168)

874 P2d 80

Craig A. Staples argued the cause for petitioner. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C.

James L. Edmunson argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Employer seeks review of an order of the Workers' Compensation Board, assigning error to its ruling that a stipulation entered into by employer and claimant constitutes an acceptance of claimant's "achalasia" condition.[1] We review the Board's findings for substantial evidence, ORS 183.482(8)(c), and affirm.

Claimant suffered a compensable back injury in 1986. In 1987, while still receiving treatment for that injury, he experienced abdominal symptoms, consisting of heartburn, nausea, abdominal pain and difficulty swallowing food. As a result, he contacted a physician for treatment. The physician's treatment note, which was sent to employer, refers to treatment for "reflux esophagitis & ? esophageal/gastric hang-up."

Claimant filed a claim for the treatment, which was denied by the employer. The denial said:

> "We have recently received billings and chart notes indicating you were treated for reflux esophagitis & esophageal/gastric hang-up. This condition is not related to your back injury of February 25, 1986. Accordingly, we must notify you that we will be unable to accept these conditions as part of the claim established. Please note that this is only a partial denial and not a denial of the claim already established."

Following the denial, claimant's physician informed employer that claimant's "classic reflux esophagitis-type symptom" was related to the back injury. Claimant requested a hearing on the denial, but before the hearing he and employer entered into a "stipulation and order." As part of the stipulation, employer agreed to rescind its denial "of claimant's reflex esophagitis *and* esophageal gastric hang-up," and pay claimant compensation of $300. (Emphasis supplied.) Claimant agreed to dismiss his request for hearing with prejudice. The stipulation was approved by a Workers' Compensation Board referee.

---

[1] The record indicates that achalasia is a neurogenic disorder that interferes with the relaxation of the esophageal sphincter and thereby prevents the contents of the esophagus from entering the stomach. It stems from the denervation of the esophageal muscle, which ultimately impairs relaxation of the lower esophageal sphincter.

During 1991, claimant continued to experience abdominal symptoms with increased severity. The condition was ultimately diagnosed as achalasia. After being informed of claimant's most recent treatment and the new diagnosis, employer denied compensability of that condition, and claimant requested a hearing. The referee found that the stipulation constituted an acceptance of a condition different from the achalasia condition and upheld employer's denial. On review, the Board found that the stipulation constituted an acceptance of the achalasia condition, because it was an acceptance of the symptoms of that condition. It reasoned that, by accepting a claim for the symptoms of achalasia, employer had accepted the underlying condition. *See Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988).

On review to this court, employer "accepts the referee's findings," which were adopted by the Board, but argues that its stipulation was not an "acceptance" and, if an "acceptance," the acceptance was limited to a condition other than achalasia. In support of its argument that its stipulation does not constitute an acceptance, employer relies on *Fimbres v. Gibbons Supply Co.*, 122 Or App 467, 857 P2d 904 (1993). In that case, the issue was whether the employer could deny a condition pursuant to ORS 656.262(6) that it had earlier stipulated was compensable. If the stipulation had been considered "an acceptance" in the technical sense, the employer would have been permitted, under ORS 656.262(6) to later deny the claim when it obtained evidence that the claim was not compensable. We held that the stipulation was not an "acceptance" that could later be rescinded pursuant to ORS 656.262(6), but a "negotiated, signed meeting of the minds based on a weighing of choices and the exercise of judgment as to the most beneficial outcome for each party," that had the "finality and effect of a judgment." 122 Or App at 471.

■■ The holding in *Fimbres* is not dispositive, because what is intended by a stipulation that results in the dismissal of a request for hearing is preliminarily a question of fact, specific to each case. *See International Paper Co. v. Pearson*, 106 Or App 121, 806 P2d 189 (1991). Here, employer does not contest the referee's findings, adopted by the Board, which include the finding that the stipulation constituted an "acceptance." Moreover, unlike in *Fimbres*, the issue here is not

whether there has been an "acceptance" in the technical sense, but whether employer's stipulation as to compensability encompasses claimant's subsequently diagnosed condition. The stipulation sets out claimant's diagnosis and rescinds the earlier denial of claimant's claim based on that diagnosis. That language constitutes substantial evidence that employer intended to agree to the compensability of claimant's condition.

■ Next, employer argues that it limited its acceptance to "reflux esophagitis & esophageal/gastric hang-up" and that claimant's specific condition of achalasia was never accepted. ORS 656.262(6) places the burden on the employer to specify what conditions are being accepted. The parties do not dispute that "achalasia" and "reflux esophagitis" are discrete infirmities. Although the treating physician's diagnosis of reflux esophagitis was tentative, that fact did not prevent employer from limiting its acceptance to a particular condition. *See Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987). However, employer's stipulation also refers to the "esophageal/gastric hang-up." The Board found persuasive the fact that employer rescinded its denial and entered into the stipulation after receiving a letter from claimant's physician that described claimant's condition as a "symptom." The Board said:

"[W]e * * * find that the claim was *for symptoms*.

"We find no evidence that claimant has more than one condition causing his ongoing abdominal and esophageal symptoms." (Emphasis in original.)

Employer's rescission of its denial of compensability encompassed both the reflux esophagitis condition and the esophageal/gastric hang-up symptom. In the light of the physician's letter and the language of the stipulation, there is substantial evidence that supports the Board's finding that employer accepted the symptoms of achalasia and, therefore, the condition itself.

Affirmed.