Argued and submitted September 16, 1994, reversed and remanded for
reconsideration January 25, 1995

In the Matter of the Compensation of
Ronald L. Ledbetter, Claimant.

Ronald L. LEDBETTER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Willamette Painting,
*Respondents.*

(92-04603; CA A82577)

888 P2d 1081

Michael T. Garone argued the cause for petitioner. With him on the brief was Jolles, Bernstein & Garone, P.C.

Steve R. Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

LEESON, J.

_____

* Richardson, C. J., *vice* Rossman, P. J., retired.

**LEESON, J.**

Claimant seeks review of a Workers' Compensation Board order holding that his osteomyelitis condition is not compensable. He contends that SAIF is precluded from denying his current osteomyelitis condition because it stipulated to accepting that condition in 1983. We agree and reverse.

In 1962 or 1963, claimant developed osteomyelitis, an infection of the bone, in his right leg following a motorcycle accident that was not work related. He received treatment for the leg injury and infection until early 1968, at which time he was free of symptoms. On August 12, 1982, claimant fractured his right arm and right leg when he fell from scaffolding while working as a painter. SAIF accepted the claim, but did not specify what was being accepted. In April, 1983, the claim was closed with 20 percent permanent partial disability (PPD) for the arm.

Claimant developed increasing pain in his right thigh, which was diagnosed as "reactivation of chronic osteomyelitis." In July, 1983, SAIF agreed "to accept the claim for claimant's right thigh condition as an exacerbation of a pre-existing injury." The stipulation specified that

> "claimant preserves the issue of permanent partial disability to be raised again when the claim is next closed as well as any issues relating to any alleged future premature closure of the claim which has been voluntarily reopened."

SAIF began to pay for claimant's antibiotic treatments for the osteomyelitis, and he experienced improvement in the condition by 1985. There is no indication in this record that the claim ever was closed or that the antibiotic treatments ceased.

In 1989, claimant fell while running up some stairs at a friend's home and fractured his right thigh. The fracture was surgically repaired. In 1992, SAIF denied both the compensability of, and responsibility for, claimant's osteomyelitis condition and stopped paying for his antibiotic treatments, on the ground that the condition had returned to its pre-1982 status and that claimant's need for treatment was no longer related to the 1982 injury. The referee upheld SAIF's denial. The Board affirmed, concluding that, because he suffered from a pre-existing condition, claimant had to prove that "the industrial injury is and remains the major contributing cause

of the disability or need for treatment," ORS 656.005-(7)(a)(B), in order to establish the continued compensability of the treatments.

Claimant contends that, when SAIF stipulated to the compensability of his osteomyelitis in 1982, the condition itself became compensable, and that treatment related to it is also compensable. SAIF apparently is of the view that its acceptance of the "right thigh condition" did not encompass the osteomyelitis itself, but only the symptoms brought on by the 1982 injury. It maintains that claimant's current need for medical treatment is not related to his 1982 industrial injury, and that the parties acknowledged at the hearing that the only dispute concerns his current need for treatment. Therefore, according to SAIF, because claimant's osteomyelitis is pre-existing, the only issue is whether there is substantial evidence in the record to support the Board's finding that the 1982 fall is not the major contributing cause of claimant's osteomyelitis condition or his need for treatment for that condition.

SAIF is required to compensate claimant "for the specific condition in the notice of acceptance regardless of the cause of that condition." *Georgia-Pacific v. Piwowar*, 305 Or 494, 501, 753 P2d 948 (1988). When SAIF accepted claimant's "right thigh condition" in 1983, it accepted the osteomyelitis. Accordingly, treatment related to that condition is compensable if it meets the requirements of ORS 656.245.

Reversed and remanded for reconsideration.