Argued and submitted October 16, 1996, affirmed April 16, 1997

In the Matter of the Compensation of
Paula A. Granner, Claimant.

Paula A. GRANNER,
*Petitioner,*

*v.*

FAIRVIEW CENTER
and SAIF Corporation,
*Respondents.*

(95-01626; CA A91875)

935 P2d 1252

Robert Wollheim argued the cause for petitioner. With him on the brief were Welch, Bruun, Green & Wollheim, and Randy Elmer and Emmons, Kropp, Kryger et al.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding SAIF's denial of her claim for compensation. The issue is whether SAIF is precluded from denying her claim for her current condition due to its earlier acceptance of her on-the-job injury. We review for substantial evidence and errors of law, ORS 183.482(7) and (8); ORS 656.298(6), and affirm.

Claimant has a congenital bilateral knock knee[1] deformity. Prior to 1990, she suffered recurrent right knee patellar dislocations, three of which required a physician to relocate the patella. In October 1990, claimant slipped on a wet floor while working for employer and again suffered a right knee patella dislocation. SAIF accepted the "right patella dislocation" and closed the claim in December 1990, awarding only temporary disability benefits. After the injury, claimant continued to experience pain and swelling in the knee. In June 1994, claimant began treatment with Dr. Gallagher, who diagnosed, among other things, chronic right patella dislocation and subluxation. Gallagher recommended that claimant have knee surgery, and claimant sought to reopen her claim. SAIF denied the current right knee condition on the grounds that her preexisting knock knee deformity, and not her injury, was the major contributing cause of her current condition. Claimant then requested a hearing.

Two medical experts gave opinions that claimant's preexisting condition is the major cause of her current need for treatment. Gallagher, as claimant's treating physician, agreed with that diagnosis. However, he also explained the cause of her 1990 injury:

> "The major cause of the right patella dislocation suffered by [claimant] on October 18, 1990 was her preexisting patella malalignment and hypermobility and that SAIF Corporations's acceptance of the right patella dislocation would have included, from a medical standpoint, the preexisting patella misalignment and hypermobility as a

---

[1] According to the record, persons with knock knee tend to have lateral patellar subluxations. A subluxation is a partial dislocation. *Stedman's Medical Dictionary* 1152-53 (illus 23d ed 1976).

major cause thereof. Further, since she has suffered no further dislocations of the patella since that time, but has continued to experience pain and discomfort in that knee, the October 18, 1990 claim remains the major cause of her ongoing complaints and need for medical attention."

Relying on Gallagher's opinion, the administrative law judge (ALJ) found that the dislocation "was more in the nature of a symptom of an underlying preexisting condition and that the dislocation could not and would not have occurred without the underlying condition." The ALJ then concluded that SAIF had previously accepted the underlying condition as part of the original 1990 injury and set aside the denial.

The Board disagreed,[2] stating:

"Although Dr. Gallagher believes that from a medical standpoint SAIF's acceptance should have included claimant's preexisting right knee condition, that belief does not establish that SAIF did in fact accept the preexisting condition. Rather, the record establishes that SAIF only accepted a right patellar dislocation. Consequently, we conclude that SAIF's acceptance did not include claimant's preexisting right knee malalignment and hypermobility." (References to exhibits omitted.)

The Board then concluded that, because SAIF did not accept claimant's preexisting right knee condition and because that preexisting condition combined with the accepted dislocation, claimant must show that the October 1990 injury is the major contributing cause of her current need for treatment. ORS 656.005(7)(a)(B). The Board found that there was no persuasive medical evidence that would support such a finding and reinstated SAIF's denial.

The only issue presented on review is whether claimant's preexisting condition was within the scope of SAIF's acceptance of her 1990 injury. If it was, then SAIF is precluded from denying the compensability of her current condition. *Georgia-Pacific v. Piwowar*, 305 Or 494, 501, 753 P2d

---

[2] One member of the Board dissented. The dissenting member, like the ALJ, understood Gallagher's opinion to mean that the 1990 dislocation could not have happened without the preexisting condition. Consequently, he determined that claimant's right knee dislocation was a symptom of the preexisting condition.

948 (1988) (citing *Bauman v. SAIF*, 295 Or 788, 794, 670 P2d 1027 (1983)).

Claimant contends that SAIF accepted the preexisting condition when it accepted the 1990 dislocation. Specifically, claimant argues that, because her preexisting condition was the major contributing cause of her previously accepted condition, SAIF necessarily accepted the preexisting condition as a matter of law.

Claimant's legal argument rests on the factual premise that her preexisting condition was indeed the major contributing cause of her 1990 injury. The Board did not specifically address that issue, and there is evidence that could support a finding either way. Because we disagree with claimant's legal argument, we will assume for discussion purposes that claimant's premise is correct.

Claimant relies on three cases to support her position that SAIF accepted her preexisting condition as a matter of law: *Piwowar*, 305 Or 494; *Ledbetter v. SAIF*, 132 Or App 508, 888 P2d 1081 (1995); and *Sperry, Inc. v. Wells*, 127 Or App 700, 874 P2d 80 (1994). She contends that those cases stand for the proposition that the acceptance of a particular condition necessarily includes the cause of that condition. We disagree.

In *Piwowar*, Georgia-Pacific accepted a claim for a "sore back." Later, it was determined that a preexisting disease (ankylosing spondylitis) caused the sore back, and Georgia-Pacific denied compensability of the preexisting disease. The Supreme Court explained that an employer is required "to compensate the claimant for the specific condition in the notice of acceptance regardless of the cause of that condition." 305 Or at 501. In other words, the cause of the original injury does not determine the scope of the employer's acceptance. Instead, "the scope of acceptance corresponds to the condition specified in the acceptance notice[.]" *Id.* The court then concluded that, because Georgia-Pacific had accepted a claim for a symptom of the underlying disease, and not a separate condition, it was precluded from denying the underlying condition. *Id.*

The other cases claimant cites merely follow that same principle. In *Ledbetter*, SAIF was precluded from denying the claimant's underlying chronic osteomyelitis after arguing that its previous acceptance of the claimant's "right thigh condition" limited its acceptance to the symptoms brought on by his work injury. 132 Or App at 511. In *Wells*, the employer was precluded from denying the claimant's underlying condition of achalasia because the employer had previously accepted his symptoms of "reflux esophagitis and esophageal hang-up." 127 Or App at 704. Thus, as in *Piwowar*, the employers in those cases were precluded from denying the compensability of the claimants' underlying conditions because the employers' acceptances listed symptoms rather than separate conditions.

Here, the question to be answered is the same: whether SAIF's acceptance of claimant's "right patella dislocation" was an acceptance of a symptom of her preexisting knock knee condition or an acceptance of a separate condition. That is a question of fact for the Board. *See id.*

We note that Gallagher did not refer to claimant's dislocation as a symptom. He also did not state that claimant's preexisting condition was the sole cause of the accepted dislocation; instead, he gave the opinion that it was the major cause. The Board was not required to infer from that evidence that claimant's 1990 dislocation was a symptom. It could instead find—as it did find—that "SAIF only accepted a right patellar dislocation," a separate condition. That finding is supported by substantial evidence, and, consequently, the Board correctly concluded that SAIF did not accept claimant's preexisting condition.

Affirmed.