Argued and submitted November 18, 2003, affirmed January 28, 2004

In the Matter of the Compensation of
Richard D. Cloud, Claimant.

Richard D. CLOUD,
*Petitioner,*

*v.*

KLAMATH COUNTY SCHOOL DISTRICT
and Fire & Casualty Ins. Co.,
*Respondents.*

01-03439; A119780

83 P3d 918

Arthur W. Stevens III argued the cause for petitioner. With him on the opening brief was Black, Chapman, Webber,

Stevens & Petersen. On the reply brief was Robert F. Webber.

Benjamin M. Bloom argued the cause for respondents. With him on the brief was Hornecker, Cowling, Hassen & Heysell, L.L.P.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

### BREWER, J.

Claimant seeks review of an order of the Workers' Compensation Board upholding insurer's denial of his claim for compensation. He assigns error to the board's conclusion that insurer was not precluded from denying his current condition claim on the ground that insurer previously had accepted a condition that caused, in part, his current condition. We affirm.

Claimant suffered a right knee injury on August 2, 1999, when he slipped at work. Dr. Balme diagnosed a tear of the posterior horn of the right medial meniscus and, on October 29, 1999, performed a partial medial meniscectomy. Pursuant to ORS 656.262(6)(a),[1] insurer accepted a claim for "torn medial meniscus right knee." On January 31, 2000, Balme reported that claimant was medically stationary. Insurer issued a notice of claim closure on February 25, 2000, and it awarded claimant a five percent right knee disability. On October 17, 2000, Balme reported that claimant had again developed swelling and pain in his knee after doing some exercises and increasing his activity. An MRI revealed an acute tear to the posterior horn of the medial meniscus. Balme stated that the further tear was probably related to the original injury.

Claimant was examined by Dr. Yarusso on February 9, 2001. Yarusso opined that claimant's current condition was due, in one-third parts each, to (1) aging and accumulative stress coupled with multiple sports injuries; (2) mucoid degeneration coupled with his large size; and (3) the slip and fall in August 1999. Based on Yarusso's conclusion that only one-third of claimant's current condition was attributable to the original injury, insurer denied that the condition was compensable. *See* ORS 656.005(7)(a)(A) ("No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.").

---

[1] ORS 656.262(6)(a) provides, in part, that "[w]ritten notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim."

Claimant requested a hearing. He argued that, under this court's decision in *Hill v. Qwest*, 178 Or App 137, 35 P3d 1051 (2001), the acceptance of a condition includes the medical cause of that condition. Thus, claimant reasoned, insurer's previous acceptance of his torn meniscus constituted acceptance of the mucoid degeneration and, together, those conditions comprised the major contributing cause of his current condition. An administrative law judge (ALJ) agreed with claimant and concluded that the previously accepted condition constituted two-thirds of the cause of the more recent meniscal tear. Accordingly, the ALJ concluded that claimant's current condition was compensable as a consequential condition.

On review, the board reversed the ALJ's order. The board concluded that the rule in *Hill* applies only when an insurer accepts a claim for a symptom or general condition such as "sore back" or "low back disability" rather than for a specific medical condition such as "right patella dislocation." The board found that "torn medial meniscus" is a separate condition and, therefore, that the previously accepted condition did not include the preexisting degeneration. Consequently, the board concluded that insurer was not precluded from denying claimant's current condition. The board ultimately found that the accepted condition was not the major contributing cause of the current condition. It reversed the ALJ's order, and it reinstated and upheld the insurer's denial of the current condition.

■      Claimant argues that the board erred in concluding that insurer was not precluded from denying the compensability of his current condition by reason of its previous acceptance of a torn medial meniscus. He contends that the rule in *Hill* is not confined to the acceptance of general conditions. According to claimant, if there is a cause-and-effect relationship between a previously accepted condition and a preexisting condition, an insurer may not deny the preexisting condition in addressing a later claim. Insurer responds that an acceptance encompasses only those conditions specifically accepted in writing. It argues that acceptance of a particular condition includes the cause of that condition only if the accepted condition is merely a symptom of the preexisting condition.

The parties' dispute centers on the meaning and proper application of the Supreme Court's decision in *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988). In *Piwowar*, Georgia-Pacific accepted the claimant's claim for a "sore back." Later, it was determined that her condition was caused by a preexisting disease, ankylosing spondylitis. Georgia-Pacific denied compensability of that disease and terminated the claimant's disability payments. *Id.* at 496-98. This court upheld the denial of compensability of the disease. *Id.* at 498.

On review, the Supreme Court framed the issue as "whether an acceptance of a claim for a condition includes acceptance of the compensability of the disease causing that condition." *Id.* at 501. The court first explained that the acceptance of a claim "need not meet any degree of specificity," and that the scope of the acceptance "corresponds to the condition specified in the acceptance notice." *Id.* It further explained that, "once an insurer accepts a claim, it must compensate for that claim. Whether the claim * * * arose from a noncompensable cause is irrelevant." *Id.* Thus, it concluded, an insurer is required to compensate a claimant for the condition specified in the notice of acceptance, "regardless of the cause of that condition." *Id.* Applying those principles, the court held that, because the insurer had accepted a claim for a "sore back" and because the claimant's sore back was "merely a symptom" of her underlying disease of ankylosing spondylitis—not a separate condition—the insurer was precluded from denying compensability of the underlying disease. *Id.* at 501-02.

As claimant observes, we stated in *Hill* that *Piwowar* "held that acceptance of a particular condition or symptom automatically included 'acceptance of the disease causing that condition.'" 178 Or App at 140 (quoting *Piwowar*, 305 Or at 501); *see also Boise Cascade Corp. v. Katzenbach*, 104 Or App 732, 735, 802 P2d 709 (1990), *rev den*, 311 Or 261 (1991) ("The rule of *Piwowar* is that an employer who accepts compensability of a condition cannot deny compensability of the disease that causes that condition."). We held in *Hill* that,

"when an employer accepts a symptom such as 'back pain' or 'sore back,' or a condition such as 'dislocated knee,' it also accepts the underlying preexisting disease or condition that is the cause of the accepted symptom or condition; however, if the accepted condition or symptom and the preexisting condition are separate conditions, that is, if there is *no cause-and-effect relationship between them*, then the accepted condition does not include the preexisting condition or disease, and an employer may subsequently deny responsibility for it in a later claim."

178 Or App at 141 (emphasis added).

■ The foregoing excerpt from *Hill* demonstrates an application of the rule in *Piwowar*: it functions to determine the "scope of ambiguous or vague acceptances such as 'sore back.' " *Klutsenbeker v. Jackson County*, 185 Or App 96, 101, 57 P3d 925 (2002). Here, insurer's previous acceptance referred to a specific condition; it was not ambiguous or vague. However, we must qualify our characterization in *Hill* of the rule in *Piwowar* insofar as it suggests that an accepted condition is "separate" only if there is no cause-and-effect relationship with a preexisting condition. In *Hill*, we acknowledged that,

"[i]n *Granner v. Fairview Center*, 147 Or App 406, 935 P2d 1252 (1997), we held that when the employer's insurer accepted a 'right patellar dislocation' (dislocated knee), it did not necessarily and as a matter of law also accept a preexisting condition, 'bilateral knock knee deformity,' because substantial evidence supported the Board's finding that the preexisting condition was not the 'sole cause' of the dislocation—that is, that the dislocation was not merely a 'symptom' of the preexisting condition."

*Hill*, 178 Or App at 141. Thus, a condition "solely" caused by a preexisting condition is not a "separate condition." However, when a notice of acceptance describes a condition not solely caused by a preexisting condition, the acceptance does not necessarily include the preexisting condition. Instead, the scope of acceptance is a question of fact for the board. *Granner*, 147 Or App at 411.

In this case, substantial evidence supports the board's finding that claimant's previously accepted condition—a torn medial meniscus—was a separate condition,

that is, it was not solely caused by, and was not merely a symptom of, the preexisting degenerative condition. Substantial evidence also supports the board's finding that insurer's previous acceptance of the torn medial meniscus did not include the degenerative condition. Accordingly, the board correctly concluded that insurer was not precluded from denying the compensability of the degenerative condition by reason of its previous acceptance of the torn medial meniscus.

Affirmed.