Argued and submitted October 16, 1998, affirmed April 28, 1999

In the Matter of the Compensation of
Benny H. Rash, Claimant.

Benny H. RASH,
*Petitioner,*

*v.*

McKINSTRY COMPANY
and Liberty Northwest Insurance Corporation,
*Respondents.*

(TP-97009; CA A100576)

981 P2d 343

Robert K. Udziela argued the cause for petitioner. With him on the brief were Gregory A. Bunnell, and Pozzi, Wilson & Atchison.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

Armstrong, J., dissenting.

* Deits, C. J., *vice* Warren, P. J., retired.

## EDMONDS, P. J.

Claimant seeks review of a Workers' Compensation Board (Board) order ruling that insurer's lien rights, pursuant to ORS 656.580 and ORS 656.593, on claimant's third-party settlement proceeds were not resolved by the parties' Claim Disposition Agreement (CDA). We review for errors of law, ORS 656.298(7) and ORS 183.482(8), and affirm.

On June 16, 1994, claimant injured his neck and back while in the course and scope of his employment. Employer's insurer accepted the neck and back injuries as work related and provided benefits to claimant. In July 1996, after claimant began a tort action against a third party involved in the cause of the injuries, insurer and claimant entered into a CDA. The CDA did not specifically preserve insurer's lien rights against any recovery that claimant might receive in the tort action. After claimant settled with the third party for $400,000, insurer sought to recover $124,716.73 from the proceeds, the amount that it had paid on claimant's claim.

The Board, concluded that in the absence of an express waiver in the CDA of the insurer's lien rights under ORS 656.580[1] and ORS 656.593,[2] insurer had a statutory

---

[1] ORS 656.580 provides:

"(1) The worker or beneficiaries of the worker, as the case may be, shall be paid the benefits provided by this chapter in the same manner and to the same extent as if no right of action existed against the employer or third party, until damages are recovered from such employer or third party.

"(2) The paying agency [which pursuant to ORS 656.576 includes the insurer] has a lien against the cause of action as provided by ORS 656.591 or 656.593, which lien shall be preferred to all claims except the cost of recovering such damages."

[2] ORS 656.593 provides, in part:

"(1) If the worker or the beneficiaries of the worker elect to recover damages from the employer or third person, notice of such election shall be given the paying agency by personal service or by registered or certified mail. * * * The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section. * * * The total proceeds shall be distributed as follows:

"(a) Costs and attorney fees incurred shall be paid, such attorney fees in no event to exceed the advisory schedule of fees established by the Workers' Compensation Board for such actions.

right to recover what it had paid on behalf of claimant. Claimant's sole assignment of error is that the Board erred in holding that, "in the absence of an express waiver in the CDA of the [insurer's] lien rights under ORS 656.580 and 656.593, the parties' CDA does not deprive the [insurer] of its statutory right to recover from the third party proceeds." Claimant argues that an amendment made to ORS 656.236(1)(a) by Oregon Laws 1995, chapter 332, section 24, requires an insurer expressly to reserve its lien rights in a CDA. Insurer argues that the only rights released in the CDA belonged to claimant and that the amendment did not affect its statutory lien rights.

■■ In interpreting a statute, our task is to discern the intent of the legislature. We look first to the text and context of the statute to ascertain its meaning. ORS 656.236(1)(a) provides, in part:

> "The parties to a claim, by agreement, may make such disposition of any or all matters regarding a claim, except for medical services, as the parties consider reasonable,

---

"(b) The worker or the beneficiaries of the worker shall receive at least 33-1/3 percent of the balance of such recovery.

"(c) The paying agency shall be paid and retain the balance of the recovery, but only to the extent that it is compensated for its expenditures for compensation, first aid or other medical, surgical or hospital service, and for the present value of its reasonably to be expected future expenditures for compensation and other costs of the worker's claim under this chapter. Such other costs include expenditures of the Department of Consumer and Business Services from the Consumer and Business Services Fund, the Self-Insured Employer Adjustment Reserve and the Workers' Benefit Fund in reimbursement of the costs of the paying agency. Such other costs also include assessments for the Workers' Benefit Fund, and include any compensation which may become payable under ORS 656.273 or 656.278.

"(d) The balance of the recovery shall be paid to the worker or the beneficiaries of the worker forthwith. Any conflict as to the amount of the balance which may be retained by the paying agency shall be resolved by the board.

"* * * * *

"(3) A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper and the worker or the beneficiaries of the worker shall receive the amount to which the worker would be entitled for a recovery under subsections (1) and (2) of this section. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

subject to such terms and conditions as the Workers' Compensation Board may prescribe. *For the purposes of this section, 'matters regarding a claim' includes the disposition of a beneficiary's independent claim for compensation under this chapter. Unless otherwise specified, a disposition resolves all matters and all rights to compensation, attorney fees and penalties potentially arising out of claims, except medical services, regardless of the conditions stated in the agreement.* Any such disposition shall be filed for approval with the board. If the worker is not represented by an attorney, the worker may, at the worker's request, personally appear before the board. Submission of a disposition shall stay all other proceedings and payment obligations, except for medical services, on that claim." (Emphasis indicates language added by Oregon Laws 1995, chapter 332, section 24.)

Claimant focuses on the language "all matters and all rights to compensation" in the statute to support his argument. Insurer counters that its third-party lien is not related to claimant's right to receive compensation, and that, therefore, plaintiff's lien rights are not governed by ORS 656.236(1)(a).

ORS 656.005(8) defines compensation for purposes of the Workers' Compensation Statutes as including "all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter." The phrase "all rights to compensation" in ORS 656.236(1)(a) by definition relates only to claimant's rights. It is less clear whether the words "all matters" in ORS 656.236(1)(a) refer to rights other than those relating to claimant's compensation or are intended to encompass only the rights of claimants. The "doctrine of the last antecedent" provides:

"Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is 'the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence.' " *State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996) (quoting Norman J. Singer, 2A *Sutherland Statutory Construction* § 47, 33, at 270 (5th ed 1992)).

If the doctrine is applied to ORS 656.236(1)(a), then "to compensation" would only qualify "all rights" and not "all matters." However, the context of ORS 656.236(1)(a) leads us to a

different conclusion, *i.e.*, that the legislature intended that the "matters" released in a CDA, unless otherwise specified, are claimant's, not insurer's.

ORS 656.576 to ORS 656.596 govern the interaction between the workers' compensation system and recovery against third parties and noncomplying employers. Throughout those statutes, a distinction is made between damages recovered from third parties and benefits received by an injured worker under the workers' compensation system. In ORS 656.593, the legislature uses the term "proceeds" in describing the monies recovered from a third-party tortfeasor. In contrast, the legislature uses the terms "compensation" and "benefits" when it refers to the expenditures made by the insurer that are recoverable from third-party proceeds. ORS 656.593(1)(c) and (2). Similarly, the legislature uses the terms "release of the claim" or "claim release" in providing that a worker may elect to release the insurer from liability for purposes of workers' compensation. ORS 656.593(6) and (7). It uses "cause of action" or "right of action" in referring to the ability of a claimant to seek recovery from a third party. ORS 656.580, 656.587, 656.591(1). Nowhere in ORS 656.236 do the terms "action" or "proceeds" appear. Rather, the terms "claim"[3] and "compensation" are used in the sentences proceeding the language in dispute and in the language itself. In context, it appears that "all matters and all rights to compensation" refers to benefits and claims of *claimants* and not to the lien rights of insurers.

■ Whatever ambiguity is left is resolved by the legislative history. It does not contain anything that indicates that the legislature contemplated that third-party actions be presumptively included in a CDA. Instead, the legislative history reveals that the legislature's concern was that the rights involving a *claim* or *compensation* would be presumptively resolved.[4] To the extent that the language of the statute is

---

[3] ORS 656.005(6) defines claim as "a written request for compensation from a subject worker or someone on the worker's behalf, or any compensable injury of which a subject employer has notice or knowledge."

[4] *See* tape recording, Senate and House Labor Committees, SB 369, January 30, 1995, Tape 16, Side A (statement of Representative Kevin Mannix); Senate Labor & Gov't Operations Committee, SB 369, February 17, 1995, Ex F (committee

redundant, that fact does not change the legislature's focus on claimant's rights and its silence about insurer lien rights. Therefore, we hold that the Board did not err in finding that insurer did not release its rights to a lien on third-party proceeds through the CDA because plaintiff failed to expressly preserve those rights in the agreement.

Affirmed.

**ARMSTRONG, J.,** dissenting.

The majority concludes that an insurer entering into a claim disposition agreement under ORS 656.236(1)(a) does not need to include in the agreement a reservation of its lien rights in order to enforce those rights in the event that the claimant later recovers damages from a third-party tortfeasor. Because I believe that that conclusion is contrary to the express language of the statute, I respectfully dissent.

When asked to construe a statute, our task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The text of the statute is the best evidence of the legislature's intent, and it is only if the text, in context, is ambiguous that we go beyond it. *Id.* at 610-11. The statutory text at issue here is:

"Unless otherwise specified, a [claim] disposition [agreement] resolves *all matters* and all rights to compensation, attorney fees and penalties *potentially arising out of claims*, except medical services, regardless of the conditions stated in the agreement." ORS 656.236(1)(a) (emphasis added).

The majority concludes that "all matters" doesn't really mean *all* matters but, rather, means only those matters pertaining to a claimant's right to compensation. It reaches that conclusion by examining other provisions of the Workers' Compensation Law and by looking to the legislative history of the amendment creating the provision at issue. In

staff summary); tape recording, Senate Labor & Gov't Operations Committee, SB 369, March 6, 1995, Tape 45, Side A (statement of Representative Kevin Mannix); House Labor Committee, SB 369, March 6, 1995, Ex A (committee summary); tape recording, House Labor Committee, SB 369, March 13, 1995, Tape 57, Side A (statement of Glen Lasken, member of the Oregon State Bar Workers' Compensation Section).

doing so, the majority ignores the plain, unambiguous text of the statute itself. I am at a loss to see how the phrase "all matters," given its plain, natural and ordinary meaning, *PGE*, 317 Or at 611, could be read to mean anything other than *all* matters. By concluding otherwise, the majority has effectively erased that phrase from the statute. If, as the majority holds, the legislature intended "all matters" to mean only those matters that involve a claimant's rights to compensation, then it did not need to refer in the statute to "all rights to compensation, attorney fees and penalties." Under the majority's interpretation of the statute, the phrases "all matters" and "all rights to compensation, attorney fees and penalties" are redundant of each other. Of course, that interpretation runs afoul of the direction to us in ORS 174.010 to construe statutes, if possible, in such a way as to give effect to all of their provisions.

The majority seeks to avoid that problem by focusing on other statutes that address third-party recovery and the release of claims. It discusses the difference in meaning between the words "benefits" and "proceeds" and between the phrases "release of claim" and "cause of action." It then concludes that, because the terms "proceeds" and "action" do not appear in ORS 656.236, the provision can apply only to benefits and claims of claimants. I fail to understand the majority's logic. It is true that related statutes provide context for the interpretation of statutory language. However, it is unremarkable that words found in statutes specifically addressed to third-party recovery do not appear in a statute that is addressed to claim settlement rather than third-party recovery. Hence, the differences in phrasing between ORS 656.236 and the statutes on third-party recovery provide an insufficient basis to conclude that the legislature did not intend the phrase "all matters" to include an insurer's lien.

Indeed, the only linguistically defensible interpretation of the statutory language is that the phrases "all matters" and "all rights to compensation, attorney fees and penalties" are independent of each other and are each qualified by the phrase "potentially arising out of claims." In other words, the legislature intended that "all matters" be read as matters *other than* rights to compensation, attorney fees or penalties. A disposition agreement, therefore, would resolve

a claimant's rights to compensation, attorney fees and penalties *and* would resolve any other matter that might arise out of a claim. A claimant's right to compensation necessarily will arise out of a claim, but an insurer's lien is not a part of every claim. By adding the reference to other matters that *might* arise from a claim, the legislature has recognized that, in some circumstances, there may be issues other than compensation that would need to be resolved. Rather than attempt to specify the universe of matters that could arise, the legislature chose only to specify those matters that always or frequently arise and bundled the rest into the phrase "all matters." There is no other way to read that text and, therefore, there is no need to look elsewhere for meaning.[1]

That understanding of the statute also happens to make sense. Insurer acknowledged that claim disposition agreements can, and do, address the disposition of an insurer's lien rights arising from a claim. It is not surprising that they would. A claimant settling a workers' compensation claim often would want to resolve the extent to which he or she would be required to repay the insurer the money received from it on the claim. Given that, the statute provides that the disposition agreement does resolve all matters between the claimant and the insurer, including the obligation of the claimant to repay the insurer if the claimant recovers money from a third party for the work-related injury, unless the parties provide otherwise. It thus requires the parties to decide which of their rights and obligations arising from a claim, other than the claimant's right to medical benefits, survives the settlement, thereby avoiding later disputes over that issue. The majority errs in concluding otherwise.

---

[1] Even though I conclude that there is no need to resort to legislative history to interpret ORS 656.236(1)(a), I note that there is nothing in that history to indicate that the legislature intended *only* to affect the rights of claimants. The fact that the discussion was focused on the resolution of claimants' rights does not mean that, when the legislature adopted the language that it did, the legislature meant the provision to apply only to claimants. And, even if that *were* the intent of the legislature, the express language that it adopted goes beyond that intent. *See Deluxe Cabinet Works v. Messmer*, 140 Or App 548, 554, 915 P2d 1053, *rev den* 324 Or 305 (1996) ("whatever the legislative history shows, the fact remains that the language of the statute cannot reasonably be read to accomplish what employer suggests, and we may not rewrite that language so that it more closely tracks with the legislature's unenacted intentions").