Argued and submitted January 7, 2000, decision of the Court of Appeals reversed; order of the Workers' Compensation Board reversed, and case remanded to the Board with instructions to dismiss the petition of respondents on review
March 15, 2001

In the Matter of the Compensation of
Benny H. Rash, Claimant.

Benny H. RASH,
*Petitioner on Review,*

*v.*

MCKINSTRY COMPANY
and Liberty Northwest Insurance Corporation,
*Respondents on Review.*

(WCB TP-97009; CA A100576; SC S46514)

20 P3d 197

Meagan A. Flynn, Preston, Bunnell & Stone, LLP, Portland, argued the cause for petitioner on review. Robert K. Udziela, Pozzi Wilson Atchison LLP, Portland, filed the petition.

Alexander D. Libmann, Liberty Northwest Insurance Corp., Portland, argued the cause for respondents on review.

Before Carson, Chief Justice, and Gillette, Durham, Kulongoski, Leeson, and Riggs.**

RIGGS, J.

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; De Muniz, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

In this workers' compensation case, claimant seeks review of a Court of Appeals' decision affirming a Workers' Compensation Board (Board) order. The Court of Appeals held that, notwithstanding ORS 656.236(1)(a) (set out below), the statutory lien rights of Liberty Northwest Insurance Corporation (insurer) on claimant's third-party settlement proceeds survived the parties' Claim Disposition Agreement (CDA). *Rash v. McKinstry Co.*, 160 Or App 131, 137, 981 P2d 343 (1999). We review for errors of law. *See* ORS 656.298(7) (providing that review of Board order shall be as provided in ORS 183.482); ORS 183.482(8)(a) (providing for review for errors of law). We reverse the decision of the Court of Appeals and the order of the Board.

We take the following undisputed facts from the Court of Appeals' opinion:

> "On June 16, 1994, claimant injured his neck and back while in the course and scope of his employment. Employer's insurer accepted the neck and back injuries as work related and provided benefits to claimant. In July 1996, after claimant began a tort action against a third party involved in the cause of the injuries, insurer and claimant entered into a CDA. The CDA did not specifically preserve insurer's lien rights against any recovery that claimant might receive in the tort action. After claimant settled with the third party for $400,000, insurer sought to recover $124,716.73 from the proceeds, the amount that it had paid on claimant's claim."

*Rash*, 160 Or App at 133.

When claimant refused to pay insurer's demand of $124,716.73, insurer petitioned the Board to resolve the parties' dispute. *See* ORS 656.593(3) (providing that any conflict between claimant and paying agency concerning "just and proper" distribution of third-party proceeds shall be resolved by Board); ORS 656.576 (defining "paying agency" as "the self-insured employer or insurer paying benefits to the worker or beneficiaries"). Claimant argued that, under ORS 656.236(1)(a), insurer waived its statutory lien rights when it

failed to preserve them expressly in the CDA. ORS 656.236(1)(a) provides, in part:

> "The parties to a claim, by agreement, may make such disposition of any or all matters regarding a claim, except for medical services, as the parties consider reasonable, subject to such terms and conditions as the Workers' Compensation Board may prescribe. For the purposes of this section, 'matters regarding a claim' includes the disposition of a beneficiary's independent claim for compensation under this chapter. *Unless otherwise specified, a disposition resolves all matters and all rights to compensation, attorney fees and penalties potentially arising out of claims, except medical services, regardless of the conditions stated in the agreement.* Any such disposition shall be filed for approval with the board. If the worker is not represented by an attorney, the worker may, at the worker's request, personally appear before the board. Submission of a disposition shall stay all other proceedings and payment obligations, except for medical services, on that claim. * * *"

(Emphasis added.) The Board considered the phrase "matters regarding a claim," which appears in the first sentence of the statute, in resolving the dispute. For interpretive guidance, the Board looked to ORS 656.704(3)(a), a workers' compensation statute that describes the scope of the authority of the Department of Consumer and Business Services over workers' compensation matters. ORS 656.704(3)(a) provides, in part:

> "For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, *matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue.* * * *"

(Emphasis added.) Applying that definition to ORS 656.236(1)(a), the Board concluded that "all matters and all rights to compensation" referred only to a *claimant's* — not an insurer's — rights to compensation. Accordingly, the Board ruled that the parties' CDA did not extinguish insurer's statutory lien. The Board ordered claimant to pay $124,716.73 to insurer.

Claimant sought judicial review in the Court of Appeals. *See* ORS 656.298(1) (providing for Court of Appeals review of Board orders). The court examined the text, context, and legislative history of ORS 656.236(1)(a) and concluded, as the Board had, that a CDA presumptively resolves only a claimant's right to compensation. *Rash*, 160 Or App at 135-37. The court's reasoning differed from the Board's, in that the court found that the workers' compensation statutes generally make a distinction between damages recovered against third parties and benefits received by a worker under the workers' compensation system. Specifically, the court found that the statutes relating to third-party recovery use the words "proceeds" and "action." *See, e.g.,* ORS 656.593 ("proceeds"); ORS 656.580 ("action"); ORS 656.587 (same); ORS 656.591(1) (same). Because ORS 656.236(1)(a) does not contain either the word "proceeds" or the word "action," the court concluded that the phrase "all matters and all rights to compensation" did not encompass third-party recovery. *Rash*, 160 Or App at 136. Consequently, the court determined that the parties' CDA did not extinguish insurer's statutory lien, and it affirmed the Board order.

In a dissent to the Court of Appeals' majority opinion, one judge concluded that the meaning of the statute was plain from its text: The legislature intended that a CDA extinguish an insurer's statutory lien—a "matter[ ] * * * potentially arising out of claims"—unless the parties provided otherwise. *Rash*, 160 Or App at 137-38 (Armstrong, J., dissenting). The dissent was "at a loss to see how the phrase 'all matters,' given its plain, natural and ordinary meaning, * * * could be read to mean anything other than *all* matters." *Id.* at 138 (Armstrong, J., dissenting) (emphasis in original).

We allowed claimant's petition for review. Claimant argues that the dissenting opinion correctly construed the meaning of the phrase "all matters" in ORS 656.236(1)(a): An insurer's statutory lien rights are resolved by a CDA, unless the parties in the CDA provide otherwise. For its part, insurer argues that the definition of "matters concerning a claim" in ORS 656.704(3) controls the interpretation of the word "matters" in ORS 656.236(1)(a). Because that statutory

definition pertains only to a *claimant's* right to compensation, insurer continues, its statutory lien right is not a "matter[ ]" within the meaning of ORS 656.236(1)(a). Accordingly, insurer concludes, its lien survives the CDA. For the reasons that follow, we conclude that the phrase "all matters * * * potentially arising out of claims" in ORS 656.236 encompasses an insurer's statutory lien.

Before discussing the merits, we outline briefly for background purposes the statutory scheme that gave rise to the events in this case. A worker who receives an injury that arises out of and in the course of employment may file a claim for compensation from the employer or, as in this case, from the employer's insurer. *See* ORS 656.005(7)(a) (defining "compensable injury"); ORS 656.005(6) (defining "claim," in part, as "a written request for compensation from a subject worker"); ORS 656.202(1) (providing that injured worker "shall receive compensation as provided in this chapter"). If the claimant's injury was caused by the negligence of a third party, as claimant alleges in this case, then the claimant also may elect to recover damages from the third party. ORS 656.154; ORS 656.578.[1] If a claimant so elects, then the entity that paid the claim (the "paying agency") has a lien against the claimant's action against the third party that is second only to the cost of recovering those damages. ORS 656.580(2).[2] If that claimant ultimately recovers money from

---

[1] ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person."

ORS 656.578 provides, in part:

"If a worker of a noncomplying employer receives a compensable injury in the course of employment, or if a worker receives a compensable injury due to the negligence or wrong of a third person (other than those exempt from liability under ORS 656.018), entitling the worker under ORS 656.154 to seek a remedy against such third person, such worker or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person. * * *"

[2] ORS 656.580(2) provides:

"The paying agency has a lien against the cause of action as provided by ORS 656.591 or 656.593, which lien shall be preferred to all claims except the cost of recovering such damages."

the third party, then a paying agency also has a lien against those proceeds. ORS 656.593(1).[3] In this case, insurer is a paying agency, because it provided claimant compensation for his injury. *See* ORS 656.576 (including insurer that pays benefits to worker within definition of "paying agency"). Because claimant received $400,000 in settlement of his claim against a third party, ORS 656.593(1) granted insurer a lien against the settlement.

■     We turn to the disputed statute, ORS 656.236. In determining the meaning of that statute, we employ the now-familiar methodology outlined in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (stating that court first examines text and context of statute to determine legislative intent). We begin with the statutory text, which is the best evidence of the legislature's intent. *Id.*

■     ORS 656.236 governs claim disposition agreements, or settlement agreements, of a claimant's claim. As noted, paragraph (1)(a) of that statute provides, in part:

> "* * * Unless otherwise specified, a disposition resolves all matters and all rights to compensation, attorney fees and penalties potentially arising out of claims, except medical services, regardless of the conditions stated in the agreement. * * *"

The lien at issue here is not an "attorney fee[ ]" or a "penalt[y]." Therefore, we focus our attention on the statutory wording "all matters and all rights to compensation." As a matter of grammar, we first determine that, contrary to the Court of Appeals' majority's conclusion, the phrase "to compensation" qualifies only the word "rights" and not the word "matters." That distinction is relevant, because ORS 656.005(8) defines "compensation" for purposes of the workers' compensation statutes as including:

---

[3] ORS 656.593(1) provides, in part:

"* * * The proceeds of any damages recovered from an employer or third person by the worker or beneficiaries [of the worker] shall be subject to a lien of the paying agency for its share of the proceeds as set forth in this section. * * *"

> "all benefits, including medical services, provided for a compensable injury *to a subject worker* or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter."

(Emphasis added.) Thus, by definition, the phrase "all rights to compensation" in ORS 656.236(1)(a) relates only to a *worker's* right to benefits and does not include an insurer's statutory lien, which is a benefit to the insurer.

■     We turn to the meaning of the phrase "all matters," considering first the word "all." The plain and unambiguous meaning of the word "all" is "every." *See Webster's Third New Int'l Dictionary*, 55 (unabridged ed 1993) (defining "all," in part, as "every member or individual component of"). As used in the disputed part of the statute, the word "all" appears to have a sweeping meaning. We also note that the statute excludes only "medical services" from the issues that a CDA resolves. That sole and express exclusion bolsters the sweeping meaning that we ascribe to the word "all," in that it demonstrates that the legislature knew how to prevent a CDA from resolving a particular issue.

Similarly, the word "matters" is a general and broad term. *See id.* at 1394 (defining "matters," in part, as "the event or circumstances of a particular but [usually] unspecified situation, occurrence, or relation"). The definition of "matters" in the disputed sentence is informed by the two other references to that word in ORS 656.236(1)(a). Specifically, the first sentence of the statute describes the universe of issues that can be the subject of a CDA as "any or all matters regarding a claim." The second sentence of paragraph (1)(a) also contains the phrase "matters regarding a claim." As noted, insurer argues that the definition of "matters concerning a claim" in ORS 656.704(3) applies to ORS 656.236(1)(a). *See* ORS 656.704(3) (defining phrase as relating to matters affecting worker's right to receive compensation). Insurer's argument only goes so far, however.

Even if the phrases "matters concerning a claim" and "matters regarding a claim" have the same meaning, the wording in the disputed third sentence of ORS 656.236(1)(a) is markedly different. Specifically, the phrase "potentially

arising out of claims" appears in the middle of the third sentence. Because of the previous modifications of "matters" with the phrase "regarding a claim," we conclude that the wording "potentially arising out of claims" also modifies the phrase "all matters." Accordingly, the relevant wording is: "all matters * * * potentially arising out of claims." That wording casts a wider net than the phrases "matters regarding" or "matters concerning" a claim. The addition of the word "potentially" means that a CDA resolves all matters that, in the future, could arise out of a claim, not merely the matters currently known to arise out of a claim.

We turn to the facts of this case. The type of lien at issue arises only if a number of contingencies occur, namely, that the insurer pays benefits on a claim for compensation to a claimant, that the claimant elects to proceed against a third party, and that the third party pays a sum of money to the claimant. But for the claimant's filing of a claim, the lien cannot arise. Thus, we hold that an insurer's lien against a claimant's third-party recovery is a "matter[ ] * * * potentially arising out of claims" within the meaning of ORS 656.236(1)(a). Accordingly, as that lien was not mentioned in the parties' CDA, the lien was "resolved," or extinguished, by the CDA.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Board with instructions to dismiss the petition of respondents on review.