Argued and submitted April 17, reversed and remanded December 24, 2008

LIBERTY NORTHWEST INSURANCE
CORPORATION, INC.,
and Western Cedar, Inc.,
*Petitioners,*

*v.*

John L. WATKINS
and Department of Consumer and Business Services,
*Respondents.*

Department of Consumer and Business Services
0500147H; A134305

198 P3d 960

David O. Wilson argued the cause and filed the briefs for petitioners.

R. Adian Martin argued the cause for respondent John L. Watkins. On the brief was Michael A. Gilbertson.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this workers' compensation case, insurer petitions for review of a final order by the Director of the Department of Consumer and Business Services (DCBS) upholding the awarding of attorney fees against insurer. The award of attorney fees stems from proceedings to resolve a medical services dispute following the entry of a claim disposition agreement (CDA). We review for errors of law, ORS 656.298(7) and ORS 183.482(8), and reverse and remand.

We take the facts from the final DCBS order. On June 13, 2000, claimant suffered a compensable back injury resulting in partial paralysis of his lower extremities. In February 2001, claimant and insurer entered into a CDA pursuant to ORS 656.236. In exchange for monetary compensation specified in the CDA, claimant released "all rights to workers' compensation benefits allowed by law, including temporary disability, permanent disability, vocational rehabilitation, aggravation rights to reopen claim, attorney fees, penalties, and survivor benefits potentially arising out of this claim, and any subsequent claim for new medical conditions, except for medical services * * *." In addition, the CDA provided checkboxes to indicate whether, for each category of benefits, the release would be a "full" or "partial" release. For each category, including a category entitled "Penalties and Attorney Fees," the checkbox indicating a full release was marked. The Workers' Compensation Board (WCB) approved the CDA.

In January 2005, claimant, with the assistance of counsel, requested administrative review of insurer's refusal to provide a wheelchair-accessible van. The medical review unit (MRU) issued an order requiring insurer to purchase the wheelchair-accessible van and requiring insurer to pay a fee to claimant's attorney.

Insurer filed a request for a contested case hearing with DCBS. At that time, hearings were conducted by the administrative law judges (ALJs) of the WCB. The sole issue at hearing was the portion of the order awarding attorney fees. Insurer argued that the parties' CDA disposed of claimant's right to attorney fees. Claimant responded that an award of attorney fees was proper under ORS 656.385.

ORS 656.385(1) provides, in part:

"*In all cases involving a dispute* over compensation benefits *pursuant to ORS 656.245*, 656.247, 656.260, 656.327 or 656.340, where a claimant finally prevails after a proceeding has commenced, the Director of *the Department of Consumer and Business Services* or the Administrative Law Judge *shall require the insurer* or self-insured employer to *pay a reasonable attorney fee to the claimant's attorney*. In such cases, where an attorney is instrumental in obtaining a settlement of the dispute prior to a decision by the director or an Administrative Law Judge, the director or Administrative Law Judge shall require the insurer or self-insured employer to pay a reasonable attorney fee to the claimant or claimant's attorney. The attorney fee must be based on all work the claimant's attorney has done relative to the proceeding at all levels before the department."

(Emphasis added.) The ALJ issued an order affirming the award of attorney fees.

Insurer submitted exceptions to DCBS, relying on *Rash v. McKinstry Co.*, 331 Or 665, 20 P3d 197 (2001), for the proposition that, under ORS 656.236(1)(a), a CDA completely resolves all current and future matters that arise out of a claim, except medical services, unless otherwise specified in the CDA. Insurer argued that, because the CDA expressly disposed of claimant's right to attorney fees and claimant did not reserve a right to an attorney fee, the CDA disposed of any prospective entitlement to attorney fees that claimant could claim. Claimant argued that the ALJ's proposed order correctly affirmed the MRU order because claimant's attorney was entitled to an award of fees under ORS 656.236(1)(a).

ORS 656.236(1)(a) provides, in part:

"The parties to a claim, by agreement, may make such disposition of any or all matters regarding a claim, except for medical services, as the parties consider reasonable, subject to such terms and conditions as the Workers' Compensation Board may prescribe. For the purposes of this section, 'matters regarding a claim' includes the disposition of a beneficiary's independent claim for compensation under this chapter. *Unless otherwise specified, a disposition resolves all matters and all rights to compensation, attorney*

*fees and penalties potentially arising out of claims, except medical services,* regardless of the conditions stated in the agreement."

(Emphasis added.) DCBS concluded that, under *Rash*, ORS 656.236(1)(a) extinguished only those matters or rights under the jurisdiction of the WCB not otherwise reserved by a CDA. Pursuant to ORS 656.385(1), attorney fees for medical services disputes are within the sole jurisdiction of DCBS and not under the jurisdiction of the WCB. Accordingly, DCBS concluded that the CDA, which was approved by the WCB, did not resolve the attorney fees awarded in this case because the issue was medical services.

In addition, DCBS observed that the legislature had amended ORS 656.385(1) after the parties executed the CDA in 2001. At the time of execution, DCBS had *discretion* to award attorney fees to a prevailing claimant *only* in a "contested case order." ORS 656.385(1) (2003), *amended by* Or Laws 2003, ch 756, § 2. The 2003 legislature amended ORS 656.385(1) to *mandate* an award of attorney fees to a prevailing claimant "after a proceeding has commenced before the Director of [DCBS]." Or Laws 2003, ch 756, § 2. DCBS concluded that a claimant could not relinquish a right to attorney fees before such a right existed. Based on both the jurisdictional and the waiver issues, DCBS affirmed the award of attorney fees to claimant.

Insurer now seeks judicial review of that award. Insurer argues that ORS 656.236(1)(a) provides authority for a CDA that fully extinguishes all rights to attorneys fees "potentially arising out of claims." Next, insurer argues that the Supreme Court's *Rash* decision interprets the scope of that exclusion broadly. Finally, insurer argues that the CDA adopted by the parties in this case expressly released any rights that claimant may have to attorney fees under ORS 656.385(1).

Both claimant and DCBS respond to insurer's petition. DCBS argues that ORS 656.236(1)(a) does not permit a claimant to abrogate a right to lifetime medical services and that the mandatory attorney fee provision under ORS 656.385(1) does not depend on whether a claimant seeks to

enforce that attorney fee provision. DCBS asserts that a statutory construction of ORS 656.236(1)(a) that limits the permissible reach of a CDA to exclude attorney fees for medical services claims would harmonize ORS 656.236(1)(a) with ORS 656.385(1) and would make those statutes consistent with each other. According to DCBS, that approach would comport with the legislature's policy goal of protecting injured workers from the wrongful denial of a medical services claim. DCBS also relies on *In re Leisure*, 336 Or 244, 253, 82 P3d 144 (2003), *citing School Dist. No. 1 v. Teachers Retirement Fund*, 163 Or 103, 95 P2d 720 (1939), for the proposition that claimants may waive statutory rights only to the extent that those rights are directed solely to their personal protection and are not directed toward the fulfillment of a broader public policy. DCBS argues that a claimant's waiver of attorney fees would defeat the legislature's broader purpose of ensuring that workers have the ability to enforce rights to lifetime medical services.

Claimant adopts DCBS's brief. *See* ORAP 5.77(4)(a) (providing that a party may adopt a brief submitted by another party). In addition, at oral argument, claimant proposed that the statutory text in ORS 656.236(1)(a) providing that a CDA resolves all matters and rights "potentially arising out of claims" except medical services, means that the legislature intended to "except medical service claims because those do not arise out of the jurisdiction of the Workers Compensation Board." As support for that proposition, claimant interprets the first sentence of ORS 656.236(1)(a) to allow the parties to make a disposition of only those matters "subject to the terms and conditions as the Workers' Compensation Board may prescribe."

Two questions of statutory interpretation are central to this petition. First, we consider whether ORS 656.236(1)(a) allows the disposition of a claimant's entitlement to attorney fees incurred during a subsequent medical services dispute. For the reasons that follow, we conclude that ORS 656.236(1)(a) does allow such a disposition and that the CDA between the parties in this case so disposes of claimant's entitlement to attorney fees. Second, we consider whether a disposition of attorney fees in a CDA is ineffective in light of the mandatory attorney fee provision in ORS 656.385(1).

Because we conclude that the terms of a CDA control whether attorney fees may be awarded pursuant to ORS 656.385(1), we reverse and remand.

To resolve issues of statutory interpretation, we examine the statutory text in its context and, if necessary, its legislative history. If the text remains ambiguous we then consider maxims of statutory construction to ascertain the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

Before engaging the specific issues of statutory interpretation, we pause to note the nature of attorney fees under the Workers' Compensation Act. An attorney representing a workers' compensation claimant is prohibited from directly charging that claimant for legal services, and the agency or appellate court must approve any award of attorney fees. ORS 656.388. In a denied claim, where the claimant finally prevails, any attorney fees are paid by the insurer or employer. ORS 656.386. If the claimant does not finally prevail in a denied claim, the attorney is not paid any attorney fees. If an attorney is instrumental in obtaining additional compensation for the claimant, then the attorney fee is paid out of the additional compensation awarded to the claimant and, if no additional compensation is awarded to the claimant, then the attorney is not paid any attorney fees. *Former* ORS 656.386(2) (2005), *amended by* Or Laws 2007, ch 908, § 1. Moreover, attorney fees are not compensation. Compensation is defined in ORS 656.005(8) as including all benefits, including medical services, provided for a compensable injury to a claimant by an insurer or employer. Because an insurer or employer does not provide attorney fees to a claimant and instead provides attorney fees to an attorney, attorney fees are not compensation. *See Rash*, 331 Or at 671-72 (concluding that the phrase "all rights to compensation" relates only to a *claimant's* right to benefits).

Turning to the interpretation of ORS 656.236(1)(a), we observe that the first sentence of the statutory text delineates the *permissive scope* of matters that may be disposed of by a CDA and that the third sentence provides a *default rule* for the extent of the disposition controlled by a CDA. Both of those sentences expressly exclude medical services from the

scope of a CDA.[1] The first sentence of ORS 656.236(1)(a) provides:

> "The parties to a claim, by agreement, may make such disposition of any or all matters regarding a claim, except for medical services, as the parties consider reasonable, subject to such terms and conditions as the Workers' Compensation Board may prescribe."

The third sentence of ORS 656.236(1)(a) provides:

> "Unless otherwise specified, a disposition resolves all matters and all rights to compensation, attorney fees and penalties potentially arising out of claims, except medical services, regardless of the conditions stated in the agreement."

It is apparent from the text of ORS 656.236(1) that the legislature considered medical services to be treated differently from all other types of benefits that the parties to a claim could resolve by mutual agreement. Because the legislature presumably would not intend the default rules of a CDA to exceed the permissive scope of authority for the parties to enter into a CDA, the scope of the permissive authority granted in the first sentence of ORS 656.236(1)(a) must be at least as broad as the scope of the default rules stated in the third sentence. *See Rash*, 331 Or at 672-73 (concluding that where the wording in the third sentence "casts a wider net" than the wording in the first sentence, a CDA resolves all matters contained within that wider net). Accordingly, if, under the default rules, a CDA resolves attorney fees related to medical services claims, we infer that the permissive authority for such a disposition is so provided. For that reason, we focus our analysis on that third statutory sentence.

Whether the scope of the medical services exclusion in that third sentence refers only to medical services benefits or also to entitlements to attorney fees and penalties derivative of a medical services dispute is difficult to discern. Specifically, it is not readily apparent whether the legislature intended the phrase "except medical services" to modify the

---

[1] Medical services are also excluded from the procedural effect of a disposition agreement prior to its approval by the WCB, as provided in the sixth sentence of ORS 656.236(1)(a):

> "Submission of a disposition shall stay all other proceedings and payment obligations, except for medical services, on that claim."

term "claims" or to modify the terms "matters" and "rights." If the medical services exclusion applies to the term "*claims*," the default terms of the CDA would not resolve any matters or any rights to compensation, attorney fees, and penalties potentially arising out of medical services claims. Under that construction, because attorney fees are necessarily derivative of medical services claims, those derivative fees could not be disposed by a CDA. On the other hand, as further explained below, if the medical services exclusion refers back to medical services *matters* or *rights*, the default terms of the CDA would disaggregate matters regarding attorney fees from matters regarding medical services and would disaggregate rights to attorney fees from rights to medical services. Accordingly, under this latter construction, the CDA would, by its default terms, resolve all attorney fee issues, because attorney fees would be treated as separate and distinct from medical services.

Although *Rash* did not present an occasion for interpreting the medical services exception, the Supreme Court's prior construction of the third sentence of ORS 656.236(1)(a) in *Rash* is relevant to our textual analysis because that prior construction is considered to be part of the text of the statute itself. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992).[2] In *Rash*, the Supreme Court stated that, "[a]s a matter of grammar, * * * the phrase 'to compensation' qualifies only the word 'rights' and not the word 'matters.'" 331 Or at 671. We conclude that, because the words "to compensation" are included within the larger referential phrase "to compensation, attorney fees and penalties," that entire larger referential phrase modifies only the word "rights" and not the word "matters."[3] In addition, the Supreme Court concluded that the noun "matters" in the third sentence is modified by the referential phrase "potentially arising out of claims." *Id.*

---

[2] In *Rash*, the Supreme Court determined that an insurer's statutory lien against a claimant's third-party settlement proceeds was fully extinguished by a CDA because the CDA resolved "all matters * * * potentially arising out of claims." 331 Or at 673.

[3] The Supreme Court observed that the phrase "all rights to compensation" related only to a worker's—and not an insurer's—right to receive benefits. The court did not consider whether the rights to attorney fees and penalties are similarly restricted, because the rights to attorney fees and penalties were not at issue in that case. *Rash*, 331 Or at 671-72.

at 673. Based on the placement of the noun "rights" in the middle of that third sentence, both "matters" and "rights" must be modified by that referential phrase. Consequently, the grammatical structure of the relevant part of that third sentence provides that, except for medical services and unless otherwise specified, a disposition resolves (1) all matters potentially arising out of claims, and (2) all rights to compensation, attorney fees, and penalties potentially arising out of claims. Within this context, "[t]he plain and unambiguous meaning of the word 'all' is 'every.' " *Rash*, 331 Or at 672.

With that background, we turn to the key issue: whether the phrase "except medical services" modifies the term "claims" or the terms "matters" and "rights." The text enumerates specific "rights" to different types of remedies: rights to "compensation, attorney fees and penalties." As noted above, "compensation" is a statutorily defined term that includes "all benefits, *including medical services*, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer * * *." ORS 656.005(8) (emphasis added). Because medical services are a benefit included in the definition of the more general term "compensation," the enumeration of types of remedies suggests that the legislature intended the compensatory remedy for medical services to be separate and distinct from a remedy providing attorney fees.[4]

A grammatical construction that the phrase "except medical services" in the third sentence of ORS 656.236(1)(a) modifies "rights" would give effect to the separate and distinct character of each of those separate types of remedies. Under that construction, the medical services exception would prohibit a CDA from resolving any rights to benefits for medical services, but a CDA would otherwise be capable of resolving *every* other remedy, including every other compensatory benefit and every right to attorney fees and penalties that could potentially arise out of claims.

---

[4] To state the obvious, "medical services" are not synonymous with "attorney fees."

The grammatical construction that "except medical services" modifies "claims" would fail to give effect to each of those enumerated rights. "Claim" is defined, in part, as "a written request for compensation from a subject worker or someone on the worker's behalf * * *." ORS 656.005(6). Thus, if "except medical services" modifies "claims," all matters and rights potentially arising out of written requests for medical services would not be resolvable. Under that construction, because attorney fees and penalties are necessarily derivative of (or "potentially aris[e] out of") a claim, the type of *claim* would be completely dispositive of whether each type of *remedy* was resolvable by the CDA. The textual reference to "attorney fees and penalties" would be reduced to surplusage. Because, as a general rule, we construe statutes in a manner that, whenever possible, gives effect to all statutory provisions, *State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005); ORS 174.010, we conclude that the phrase "except medical services" modifies "matters" and "rights."

That interpretation is confirmed by applying rules of grammar and syntax to the third sentence in ORS 656.236(1)(a). Grammatical rules governing the usage of commas provide that if the referential phrase "except medical services" was intended to modify its immediately preceding noun, "claims," in a manner that "is restrictive—that is, essential to the meaning of the sentence—[it should be] neither preceded nor followed by a comma." *The Chicago Manual of Style* § 6.38 (15th ed 2003). Because "except medical services" is restrictive and set off by commas, rules of grammar dictate that "except medical services" was not intended to modify "claims."

The Oregon Supreme Court has accepted the doctrine of the last antecedent as a long-standing grammatical principle useful in interpreting the text of statutes. The Supreme Court described the doctrine as follows:

"Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing

the meaning of the sentence. Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. The rule is another aid to discovery of intent or meaning * * *.

"Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma."

*State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996) (quoting Norman J. Singer, 2A *Sutherland Statutory Construction* § 47, 33 (5th ed 1992) (internal quotation marks omitted)). Here, because the referential phrase "except medical services" is preceded by a comma, the doctrine of the last antecedent indicates that the referential phrase applies to "all antecedents instead of only to the immediately preceding one." The preceding words, phrases, or clauses that can be made antecedents without impairing the meaning of the sentence are the words "matters" and "rights." Thus, under the doctrine of the last antecedent, the referential phrase "except medical services" should modify "matters" and "rights" and not "claims." Our interpretation is consistent with the text of the first sentence of ORS 656.236(1)(a), in which the term "except for medical services" clearly modifies the entire antecedent, "any or all matters regarding a claim."

Having concluded that "except medical services" modifies "matters" and "rights," we turn to claimant's argument that the first sentence of ORS 656.236(1)(a) restricts a CDA to dispose of only those *matters* "subject to such terms and conditions as the Workers' Compensation Board may prescribe." Claimant's argument lacks merit. That quoted phrase from the first sentence of ORS 656.236(1)(a) does not modify the scope of "matters" over which the parties may negotiate; it modifies the term "disposition" and provides authority for the WCB to approve the CDA before it becomes final. Our interpretation of the first sentence of ORS 656.236(1)(a) is confirmed by the default rules in the third statutory sentence, which do not limit the scope of a CDA to matters under the jurisdiction of the WCB. Specifically, the third sentence allows the parties to extinguish any rights to "compensation." As discussed above, "compensation"

includes, by definition, "all benefits, including medical services, provided for a compensable injury." ORS 656.005(8). Those benefits may include, among other things, vocational assistance services that, just like medical services, are within the jurisdiction of DCBS, and not the WCB. ORS 656.704(3)(a). Because ORS 656.236(1)(a) does not exclude vocational assistance from the scope of a CDA, it cannot logically be understood to limit the scope of a CDA to those matters subject to the WCB's jurisdiction.

Thus, ORS 656.236(1)(a) provides a default rule that, unless otherwise specified, a CDA resolves all rights pertaining to a claimant's entitlement to attorney fees, including attorney fees that could potentially arise out of medical services disputes. We turn, then, to the terms of the parties' CDA, interpreting it by applying the same rules of construction that apply to contracts. *Trevitts v. Hoffman-Marmolejo*, 138 Or App 455, 459, 909 P2d 187 (1996). In the absence of any ambiguity, we construe the text of the contract as a matter of law. *Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997). The CDA entered into between the parties releases "all rights to all workers' compensation benefits allowed by law, including * * * attorney fees" and provides for a "full" release of rights to "Penalties and Attorney Fees." Neither any party nor DCBS argues that the CDA otherwise establishes that claimant has reserved any right to attorney fees other than that under the default rules established in ORS 656.236(1)(a). Thus, the CDA entered into between these parties resolves all rights to attorney fees. Because we conclude that the legislature intended under ORS 656.236(1)(a) to provide authority for the disposition of all potential attorney fees, claimant's and DCBS's argument that any disposition of attorney fees would be contrary to public policy lacks merit.

We next consider whether the disposition of attorney fees in the parties' CDA is nonetheless ineffective in light of the mandatory attorney fee provision provided by ORS 656.385(1). As discussed, the parties entered into the CDA in 2001. At that time, DCBS had discretion to award attorney fees to a prevailing party only in contested case orders. ORS 656.385(1) (2003). By the time the medical services dispute proceeding was commenced before DCBS in this case in 2005,

an award of attorney fees to claimant's attorney when the claimant prevailed was mandated in all proceedings for medical services disputes. ORS 656.385(1). That mandatory proviso applied to "all claims for which an order relating to the issue on which attorney fees are sought has not become final on or before [January 1, 2004], regardless of the date of injury." Or Laws 2003, ch 756, § 3.

In this case, claimant's medical services claim for a wheelchair-accessible van was not final by January 1, 2004. However, any right that claimant may have asserted to attorney fees was resolved by the CDA executed in 2001. A disposition such as a CDA has the finality and effect of a judgment. *See Fimbres v. Gibbons Supply Co.*, 122 Or App 467, 471, 857 P2d 904 (1993) (concluding that a negotiated, signed agreement approved by a workers' compensation referee has the finality of a judgment). As discussed, the CDA entered into between the parties resolved all rights to attorney fees that could *potentially* arise out of the claim. Because a CDA has the finality of a judgment, the 2003 statutory amendment cannot reopen the parties' 2001 CDA to create any new right to attorney fees. The award of attorney fees to claimant was improper.

Reversed and remanded.