Argued and submitted November 2, 2009, decision of Court of Appeals reversed;
order of Director of Department of Consumer and Business Services affirmed
February 19, 2010

# LIBERTY NORTHWEST INSURANCE CORPORATION, INC.,
## and Western Cedar, Inc.,
*Respondents on Review,*

*v.*

## John L. WATKINS,
*Respondent,*

*and*

## DEPARTMENT OF CONSUMER AND BUSINESS SERVICES,
*Petitioner on Review.*

(0500147H; CA A134305; SC S057190)

227 P3d 1134

Judy C. Lucas, Senior Assistant Attorney General, Salem, argued the cause for petitioner on review. With her on the petition were Erika L. Hadlock, Acting Solicitor General, and John R. Kroger, Attorney General. With her on the brief were Jerome Lidz, Solicitor General, and John R. Kroger, Attorney General.

David O. Wilson, Johnson Nyburg & Andersen, Eugene, argued the cause and filed the brief for respondent on review.

DE MUNIZ, C. J.

**DE MUNIZ, C. J.**

In this workers' compensation case, the Department of Consumer and Business Services (department) petitions for review of a Court of Appeals decision reversing and remanding a final order by the Director of the Department of Consumer and Business Services (director) that awarded attorney fees to claimant's attorney stemming from proceedings brought by claimant to resolve a medical services dispute. *Liberty Northwest Ins. Corp., Inc. v. Watkins*, 224 Or App 599, 198 P3d 960 (2008). The Court of Appeals concluded that the director's award of attorney fees was improper, because a claim disposition agreement (CDA) previously agreed to by claimant and insurer included a release of claimant's right to attorney fees. For the reasons that follow, we reverse the decision of the Court of Appeals and affirm the final order of the director awarding attorney fees.

We take the facts from the record, the final order, and the Court of Appeals opinion. On June 13, 2000, claimant suffered a compensable back injury resulting in partial paralysis of his lower extremities; he was later determined to be permanently wheelchair dependant. In February 2001, claimant and insurer entered into a CDA pursuant to ORS 656.236, set out *post* at 347 Or at 691-92. In exchange for monetary compensation specified in the CDA, claimant released

"all rights to all workers' compensation benefits allowed by law, including temporary disability, permanent disability, vocational rehabilitation, aggravation rights to reopen claim, attorney fees, penalties, and survivor's benefits potentially arising out of this claim, and any subsequent claim for new medical conditions, **except for medical services** * * *."

(Emphasis in original.) In addition, the CDA provided checkboxes to indicate whether, for each category of benefits, the release would be a "full" or "partial" release. For each category, including a category entitled "Penalties and Attorney Fees," the checkbox indicating a full release was marked. The CDA also stated that the CDA did not "limit [claimant's] statutory medical rights pursuant to ORS 656.245"[1] and that

---

[1] ORS 656.245 relates to medical services and provides, in part, that for every compensable injury, employers are responsible for providing medical services "caused in material part" by the injury.

claimant "retain[ed] his right to medical services[.]" The Workers' Compensation Board (board) later approved the CDA.

In January 2005, claimant, with the assistance of counsel, requested administrative review of insurer's refusal to provide him with a wheelchair-accessible van. The medical review unit (MRU) found that a van was reasonable and appropriate for claimant's condition and subsequently issued an order that required insurer to purchase the wheelchair-accessible van and to pay a fee to claimant's attorney pursuant to the mandatory attorney fee provision in ORS 656.385(1), set out *post* at 694. Insurer filed a request for a contested case hearing with the department. The sole issue at the hearing was the portion of the order awarding attorney fees. In November 2006, the department issued an order affirming the award of attorney fees, and insurer sought judicial review in the Court of Appeals.

The Court of Appeals reversed and remanded, concluding that ORS 656.236(1)(a) provides a default rule to the effect that, unless otherwise specified, a CDA resolves all rights pertaining to a claimant's entitlement to attorney fees, including attorney fees that could potentially arise out of a medical services dispute, and that the terms of a CDA control whether attorney fees may be awarded. The court reasoned that any right that claimant may have asserted to attorney fees was resolved by the CDA, which applied to "all rights to attorney fees that could *potentially* arise out of the claim." *Liberty Northwest Ins. Corp., Inc.,* 224 Or App at 612 (emphasis in original).

■ As noted, the department petitioned for review, asserting that the CDA entered into in this case did not and could not release claimant's right to an attorney fee in a future medical services dispute. We allowed review to determine whether, through a CDA entered into in accordance with ORS 656.236, a claimant may release the right to attorney fees that are derivative of a successful medical services claim.

We begin with a brief summary of the statutory scheme applicable to medical services. ORS 656.245(1)(a)

and (b) entitle an injured worker to medical services for conditions caused in material part by a compensable injury, and require the insurer to provide those medical services for the life of the worker. ORS 656.245(6) provides that, when a claim for medical services is denied, an injured worker may request administrative review by the director. In turn, ORS 656.327(1)(a) provides that, when an injured worker, insurer, self-insured employer, or the director believes that a proposed medical service is excessive, inappropriate, ineffectual, or in violation of rules regarding the performance of medical services, the dissatisfied party must request administrative review by the director before requesting a contested case hearing on the issue.

Here, claimant prevailed after a contested case hearing involving a dispute over medical services, and the director awarded attorney fees to claimant's attorney. However, as noted, the Court of Appeals reversed the award of attorney fees, concluding that the CDA, entered in accordance with ORS 656.236, unambiguously released claimant's right to all attorney fees potentially arising from any claim, including a medical services claim, and that those contractual terms should be enforced. In our view, the determination of whether a claimant may release his or her right to attorney fees that derive from a successful medical services claim in a CDA depends on the legislature's intent expressed in ORS 656.236. We turn to that statute.

ORS 656.236 provides, in part:

"(1)(a)  The parties to a claim, by agreement, may make such disposition of any or all matters regarding a claim, *except for medical services*, as the parties consider reasonable, subject to such terms and conditions as the Workers' Compensation Board may prescribe. * * * Unless otherwise specified, a disposition resolves all matters and all rights to compensation, attorney fees and penalties potentially arising out of claims, *except medical services*, regardless of the conditions stated in the agreement.

"* * * * *

"(7)  * * * Insurers or self-insured employers may be joined as parties in subsequent proceedings under this chapter to determine responsibility for medical services for

claim conditions for which disposition is made by an approved claim disposition agreement, but no order in any subsequent proceedings may alter the obligations of an insurer or self-insured employer set forth in an approved claims disposition agreement, except as those obligations concern medical services."

(Emphases added.) We begin our analysis with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). As part of that first level of analysis, this court considers its prior interpretations of the statute. *See State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998) (so stating).

This court most recently interpreted and applied ORS 656.236 in *Rash v. McKinstry Co.*, 331 Or 665, 20 P3d 197 (2001). In that case, a worker was injured and, after he began a tort action against a third party involved in the cause of the injuries, the insurer and the worker entered into a CDA. The CDA did not expressly preserve the insurer's lien rights against any recovery that the worker might receive in the tort action. However, after the worker settled with the third party, the insurer sought to recover from the settlement the amount that it had paid on the claimant's claim. *Id.* at 667. The board determined that the insurer's statutory lien rights survived the parties' CDA. On review, this court first noted that the lien at issue was not an "attorney fee" or a "penalty." The court then determined that the words "to compensation," as used in the phrase "a disposition resolves all matters and all rights to compensation" in ORS 656.236(1)(a), qualifies only the word "rights," and not the word "matters." *Rash*, 331 Or at 671. The court also determined that the phrase "all rights to compensation" relates only to a *worker's* right to benefits, and that the plain and unambiguous meaning of the word "all" is "every." *Id.* at 672. The court stated that "the relevant wording [ ]: 'all matters * * * potentially arising out of claims,' " meant that a CDA resolves all matters that, in the future, could arise out of a claim. *Id.* at 673. The court therefore concluded that "an insurer's lien against a claimant's third-party recovery is a 'matter[ ] * * * potentially arising out of claims' within the meaning of ORS 656.236(1)(a)" and thus was extinguished by the CDA. *Id.* at 673.

Although the court did not examine the meaning of the phrase "except medical services," the court's conclusions regarding the legislature's intent are instructive here. As noted, the court concluded that, in the third sentence of ORS 656.236(1)(a), the words "to compensation" qualified only the word "rights" and not the word "matters." Thus, the term "all rights to compensation" is treated separately from "all matters." Accordingly, that part of the statute should be read "all rights to compensation * * * potentially arising out of claims." Because the term "all rights to compensation" ("all rights to compensation, attorney fees and penalties") is followed by a comma, the term "attorney fees and penalties" also qualifies the word "rights," and is properly read as "all rights to * * * attorney fees and penalties potentially arising out of claims."

■    The phrase "except medical services" in the third sentence in ORS 656.236(1)(a) is set off from the rest of the sentence by commas, indicating that as a matter of English that phrase is nonrestrictive; that is, it is not intended to modify only the immediately preceding noun in the sentence, which is "claims." *See The Chicago Manual of Style* § 6.38 (15th ed 2003) (explaining a reading of that kind). The phrase "except medical services" therefore modifies the phrases "all matters," and "all rights to compensation * * * potentially arising out of claims," and "all rights * * * to attorney fees potentially arising out of claims." Thus, under the statute's text, a CDA does not resolve a claimant's right to attorney fees, regardless of the conditions stated in the CDA, when those fees derive from a subsequent claim for medical services.

■    We reach the same conclusion applying the rule of the last antecedent. In *State v. Webb*, 324 Or 380, 386, 927 P2d 79 (1996), this court explained that rule as follows:

"Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence. Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. * * *

> "Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma."

(Internal quotations omitted.) Here, the phrase "except medical services" is preceded by a comma, indicating that it applies to all the antecedents. From that sentence structure we conclude that a claimant cannot dispose of "all matters" and "all rights to compensation, attorney fees and penalties potentially arising out of claims" where those matters and rights involve medical services.

■     That interpretation is consistent with the legislature's intent to provide medical services for the life of the worker, ORS 656.245, and the provision for mandatory attorney fees for claimants that prevail in medical services disputes, ORS 656.385(1).[2] *See Davis v. Wasco IED*, 286 Or 261, 272, 593 P2d 1152 (1979) ("whenever possible the court should construe together statutes on the same subject as consistent with and in harmony with each other"). Attorney fees are derivative of medical services claims, and thus, a successful medical services claim carries with it the right to attorney fees under ORS 656.385(1). The director's award of attorney fees to claimant was correct, and the Court of Appeals erred in concluding otherwise.

The decision of the Court of Appeals is reversed. The order of the Director of the Department of Consumer and Business Services is affirmed.

---

[2] As originally enacted in 1995, ORS 656.385(1) required the director to award a reasonable attorney fee to a prevailing claimant only at the contested case level. However, in 2003, ORS 656.385(1) was amended to require that the director award a reasonable attorney fee to a prevailing claimant at *any* level of review. ORS 656.385(1) currently provides, in part:

> "In all cases involving a dispute over compensation benefits pursuant to ORS 656.245, 656.247, 656.260, 656.327 or 656.340, where a claimant finally prevails after a proceeding has commenced, *the Director of the Department of Consumer and Business Services or the Administrative Law Judge shall require the insurer or self-insured employer to pay a reasonable attorney fee to the claimant's attorney.*"

(Emphasis added.)