208 P.3d 519 (2009)
228 Or. App. 264
STATE of Oregon, acting by and through the DEPARTMENT OF HUMAN SERVICES, Plaintiff-Appellant,
v.
Keith L. BROYLES, in his capacity as personal representative of the Estate of Morris William Broyles, Defendant-Respondent.
07C11713, A136521.
Court of Appeals of Oregon.
Argued and Submitted September 3, 2008.
Decided May 13, 2009.
*520 Karla H. Alderman, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.
Philip T. Kelley, Silverton, argued the cause for respondent. With him on the brief was Kelley & Kelley.
Before LANDAU, Presiding Judge, and BREWER, Chief Judge, and ORTEGA, Judge.
BREWER, C.J.
Plaintiff, the State of Oregon by and through the Department of Human Services (DHS), brought a claim against the estate of Keith Broyles pursuant to ORS 414.105(2) and ORS 411.795[1] to recover $80,113.95 in medical assistance payments that it made to Broyles between 1972 and 1991. Broyles died in 1991, but probate proceedings were not initiated until June 2006, when DHS filed its claim. Defendant, the personal representative of Broyles's estate, disallowed DHS's claim as untimely and required DHS to file a separate action against the estate. See ORS 115.155.[2] DHS initiated a proceeding in circuit court, and defendant moved for summary judgment, arguing that the claim was time barred. DHS's response was two-fold: (1) ORS 414.105 and ORS 411.795 do not contain a statute of limitations; rather the applicable statutes are ORS 115.008[3] and ORS 115.005(2)(a), and (2) DHS complied with ORS 115.005(2)(a) by presenting its claim to the personal representative within four months of the initiation of probate proceedings.[4]
The trial court granted defendant's motion for summary judgment, concluding that ORS *521 115.008 barred DHS's claim. DHS appeals and assigns error to the trial court's grant of defendant's motion for summary judgment. There are no disputed material questions of fact and, thus, the decisive issue is whether defendant was entitled to prevail as a matter of law. ORCP 47 C; Jones v. General Motors Corp., 325 Or. 404, 420, 939 P.2d 608 (1997). That question is controlled by an interpretation of the relevant statutes. State v. Gaines, 346 Or 160, 171-72, 206 P.3d 1042 (2009). We conclude that DHS's claim is timely. Accordingly, we reverse.
Recovery of public assistance paid on behalf of a decedent pursuant to ORS 414.105(2) is carried out through the procedures set out in the probate code, chapter 115 of the Oregon Revised Statutes. See Dept. of Human Resources v. Payne, 157 Or.App. 612, 617, 970 P.2d 266 (1998) ("The claim provisions of the probate code simply provide the procedures by which claims and ensuing actions against the estate * * * may be pursued."). Here, DHS is attempting to recover public assistance payments from Broyles's estate, which is subject to a probate proceeding; accordingly, DHS's claim is subject to the procedural requirements of the probate code.
Defendant argues that, nonetheless, DHS's claim before the circuit court constituted a separate "action" from the probate proceeding and, thus, is subject to the time limitations set out in ORS chapter 12 regarding actions. Defendant is mistaken. Even if DHS's claim before the circuit court constituted a separate action for purposes of the statutes of limitation,[5] the limitation periods in ORS chapter 12 are not applicable to such an action.
ORS 12.250 provides that, "[u]nless otherwise made applicable thereto, the limitations prescribed in this chapter shall not apply to actions brought in the name of the state, or any county, or other public corporation therein, or for its benefit." ORS 12.250 thus exempts actions brought in the name of the state from the limitations imposed in ORS chapter 12. As the Supreme Court held in Shasta View Irrigation Dist. v. Amoco Chemicals, 329 Or. 151, 158-59, 986 P.2d 536 (1999), ORS 12.250 refers only to "the limitations prescribed in this chapter" and, thus, "applies only to the limitations contained in ORS chapter 12" unless some other statute makes the exemption applicable outside that chapter. Defendant argues that ORS 115.008, by virtue of its "notwithstanding ORS 12.250" clause, operates to extend the time limitations in ORS chapter 12 to DHS's action here. We disagree. The import of the notwithstanding clause is that, despite the provision in ORS 12.250 that the limitations prescribed in ORS chapter 12 do not apply to actions brought by the state or a public entity, the time limitations set out in ORS chapter 115 are applicable to the state.
That notwithstanding clause was included in ORS 115.008 in response to our decision in Payne.[6] In Payne, we held that ORS 12.250 exempted the state from the 30-day limitation period set out in ORS 115.145(1).[7] We based that holding on our earlier decision in City of Medford v. Budge-McHugh Supply Co., 91 Or.App. 213, 754 P.2d 607, rev. den., 306 Or. 661, 763 P.2d 152 (1988), in which we held that ORS 12.250 was applicable outside of ORS chapter 12, despite the "in this chapter" language. Specifically, we applied the exemption in ORS 12.250 to claims brought under ORS 30.905. In doing *522 so, we rejected the argument that "ORS 12.250 applies only to limitations in chapter 12." Budge-McHugh Supply Co., 91 Or. App. at 218-19, 754 P.2d 607. However, the Supreme Court rejected that reasoning in Shasta, 329 Or. at 158-59, 986 P.2d 536 (holding that ORS 30.905 did not make ORS 12.250 applicable to claims brought under that statute because ORS 12.250 applies only to limitations contained in ORS chapter 12). Accordingly, even without ORS 115.008, we would be constrained from applying the exemption contained in ORS 12.250 to the limitations periods set out in ORS chapter 115, because no statute expressly makes ORS 12.250 applicable to the provisions of that chapter.
ORS 115.008 further provides that, "except as otherwise specifically provided in this chapter, all statutes of limitation and other time limitations imposed under this chapter apply to actions brought in the name of the state." (Emphasis added.) Defendant argues that the reference to "all statutes of limitations" necessarily refers to the limitations contained in ORS chapter 12. Again, we disagree.
Defendant grounds his interpretation in the doctrine of the last antecedent. According to that doctrine, defendant contends, the phrase "imposed under this chapter" refers only to the term "time limitations," and not to the term "all statutes of limitations." In Baker v. City of Lakeside, 343 Or. 70, 75, 164 P.3d 259 (2007), the Supreme Court, citing to State v. Webb, 324 Or. 380, 927 P.2d 79 (1996), stated that the doctrine of the last antecedent provides that, "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. The last antecedent is the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." (Internal quotation marks omitted.) That doctrine applies only where no contrary intention on the part of the legislature appears; where statutory context indicates that a meaning other than that suggested by the doctrine was intended by the legislature, the legislature's intention will control. See Rash v. McKinstry Co., 160 Or.App. 131, 135-36, 981 P.2d 343 (1999), rev'd on other grounds, 331 Or. 665, 20 P.3d 197 (2001) (concluding that statutory context provided meaning of the statute, rejecting alternative meaning derived from the doctrine of the last antecedent). Such is the case here. The statutory context of ORS 115.008 demonstrates that, where the legislature intends to refer to statutes of limitation located outside the probate code, it does so specifically. For example, ORS 115.004(5) provides:
"Except as provided in subsection (6) of this section, an action under this section against a personal representative, the surety for a personal representative or an interested person shall be commenced within two years after the death of the decedent or within the statute of limitations applicable to the claim, whichever is earlier."
By providing that certain types of claims are subject to both the statute of limitations applicable to those claims and a statute of limitations supplied by the probate code, the legislature has demonstrated an awareness of the existence of statutes of limitation outside the code, specifically referred to them, and specified how they interact with the statutes of limitations provided by the code. See, e.g., ORS 115.004(5) (requiring compliance with the statute of limitations applicable to the claim or the time limitation in ORS 115.004(5), whichever is earlier); ORS 115.005(2) (requiring compliance with both the statute of limitations applicable to the claim and the time limitations in ORS 115.005(2)(a)). Nothing in the statutory context of ORS 115.008 supports defendant's assertion that the legislature intended to incorporate all statutes of limitation  wherever codified and regardless of the nature of the claim  into the probate code, merely by using the term "statute of limitations."
Moreover, to the extent that ORS 115.008 was enacted to legislatively abrogate our decision in Payne, the statute tracks the language of our opinion that referred to the time limitation at issue, contained in ORS 115.145, as a "statute of limitations." See Payne, 157 Or.App. at 617, 970 P.2d 266. Thus, by referring to both statutes of limitations and "other time limitations," the legislature, *523 in ORS 115.008, ensured that this court's interpretation of ORS 12.250's exemption would not be applicable to the probate code, regardless of how the code's timelines were labeled. As discussed, the Supreme Court in Shasta effectively superseded our interpretation of ORS 12.250 in Payne; nevertheless, nothing in Payne and nothing in the statutory context of ORS 115.008 supports defendant's understanding of the term "statute of limitations." Accordingly, the reference in ORS 115.008 to "statutes of limitation" refers to those statutes of limitation imposed under chapter 115.
Defendant next argues that ORS 115.005(2)(a), which provides that "a claim is barred from payment from the estate if not presented within the statute of limitations applicable to the claim," must invoke the limitations period in ORS chapter 12, because it references the "statute of limitations," and "no other chapter has that title." We reject that argument. ORS 115.005(2)(a) does not import the entirety of ORS chapter 12 into the probate code. Rather, it merely provides that, if a claim is otherwise subject to a statute of limitations, the claimant must comply with that limitation period as well as the limitation period imposed by ORS 115.005(2)(a) for claims against the estate. That interpretation is consistent with the structure of the probate code, which, as we concluded in Payne, is a mechanism for the vindication of rights that are grounded in law outside the probate code. See Payne, 157 Or.App. at 617, 970 P.2d 266 ("[T]he probate claims procedure is * * * a statutory mechanism for vindicating rights that have their origins elsewhere[.]"). Thus, a claim against an estate must comply with both any limitation that is otherwise applicable to the claim and those that are part of the probate scheme.
In short, a claim against an estate for recovery of medical payments under ORS 414.105 and ORS 411.795 must be brought within both the limitations period for claims against the estate and any limitation period applicable to a claim for reimbursement under ORS 414.105 and ORS 411.795. Neither statute imposes a limitation on the time that the state has to bring a claim for reimbursement of medical expenses. Nor does any other statute in ORS chapter 410 or 414 impose such a limitation. Further, no statute expressly provides that the time limitations contained in ORS chapter 12 apply to such claims. The only time limitation that remains is contained in ORS 115.005(2)(a): The claim must be brought within four months of the estate's publication of notice to interested persons. It is uncontested in this case that DHS complied with that requirement. Accordingly, the trial court erred when it concluded that DHS's claim was time barred.
Reversed and remanded.
NOTES
[1] ORS 414.105(2) provides:

"Medical assistance pursuant to this chapter paid on behalf of an individual who was 55 years of age or older when the individual received such assistance, or paid on behalf of a person of any age who was a permanently institutionalized inpatient in a nursing facility, intermediate care facility for persons with mental retardation or other medical institution, may be recovered from the estate of the individual or from any recipient of property or other assets held by the individual at the time of death including the estate of the surviving spouse. Claim for such medical assistance correctly paid to the individual may be established against the estate, but there shall be no adjustment or recovery thereof until after the death of the surviving spouse, if any, and only at a time when the individual has no surviving child who is under 21 years of age or who is blind or permanently and totally disabled. Transfers of real or personal property by recipients of such aid without adequate consideration are voidable and may be set aside under ORS 411.620(2)."
ORS 411.795(1) provides, in part:
"The amount of any general assistance paid under this chapter is a claim against the property or any interest therein belonging to and a part of the estate of any deceased recipient or if there be no estate or the estate does not have sufficient assets to satisfy the claim, the estate of the surviving spouse shall be charged for such aid paid to either or both; provided, however, that there shall be no adjustment or recovery of any general assistance correctly paid to or on behalf of any individual under this chapter except after the death of such individual and the surviving spouse of the individual, if any, and only at a time when the individual has no surviving child who is under 21 years of age or is blind or permanently and totally disabled."
[2] ORS 115.155 provides:

"If the claimant files a request for summary determination of the claim as provided in ORS 115.145, the personal representative, within 30 days after the date of service of a copy of the request upon the personal representative or the attorney of the personal representative, may notify the claimant in writing that if the claimant desires to prove the claim the claimant must commence a separate action against the personal representative on the claim within 60 days after the date of receipt of such notice. If the claimant fails to commence a separate action within 60 days after the date of receipt of the notice, the claim, to the extent disallowed by the personal representative, is barred."
[3] ORS 115.008 provides:

"Notwithstanding ORS 12.250, and except as otherwise specifically provided in this chapter, all statutes of limitation and other time limitations imposed under this chapter apply to actions brought in the name of the state, or brought in the name of any county or public corporation, and to actions brought for the benefit of the state or for the benefit of any county or public corporation."
[4] ORS 115.005 provides, in part:

"(2) Except as provided in subsection (3) of this section, a claim is barred from payment from the estate if not presented within the statute of limitations applicable to the claim and before the later of:
"(a) Four months after the date of first publication of notice to interested persons[.]"
[5] We expressly do not decide that issue here.
[6] When the legislature enacted ORS 115.008 in 1999, the staff measure summary for that bill indicated that

"[a] recent appellate court case exempted the state from the time limitations set out in the probate code regarding allowance and disallowance of claims. Proponents are concerned that this would presumably apply to other time limitations in the probate code and seek legislative clarification that all actions are subject to the same time limitations."
Staff Measure Summary, SB 601 B (1999).
[7] ORS 115.145 provides, in part:

"(1) If the personal representative disallows a claim in whole or in part, the claimant, within 30 days after the date of mailing or delivery of the notice of disallowance, may either:
"(a) File in the estate proceeding a request for summary determination of the claim by the probate court * * * or
"(b) Commence a separate action against the personal representative on the claim in any court of competent jurisdiction."