Submitted September 9, reversed and remanded December 31, 2014, petition for review denied June 4, 2015 (357 Or 324)

STATE OF OREGON,
acting by and through the Oregon Health Authority,
*Plaintiff-Appellant,*

*v.*

Lynda S. CUE,
*Defendant-Respondent.*

Jackson County Circuit Court
13CV03100; A155531

342 P3d 98

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Cecil A. Reniche-Smith, Senior Assistant Attorney General, filed the briefs for appellant.

Robert W. Good filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Plaintiff, the State of Oregon by and through the Oregon Health Authority (OHA), brought a claim against the estate of Deane Preston Cloud to recover $666,187.40 for care and services rendered to Cloud by the Oregon State Hospital before his death. Defendant, the personal representative of Cloud's estate, disallowed OHA's claim as untimely. *See* ORS 115.005(2) (setting forth time limitations for presenting claims against the estate of a decedent). OHA initiated this action against defendant, arguing that its claim qualified for an exception to the time limitation under ORS 115.005(3). Defendant moved for summary judgment, arguing that OHA's claim did not satisfy one of the conditions of the exception—that the claim must be "presented by a person who did not receive a notice under ORS 115.003[.]" ORS 115.005(3)(b). The trial court granted defendant's motion for summary judgment and dismissed OHA's complaint with prejudice. We conclude that the trial court erred when it granted summary judgment in favor of defendant for the reason that OHA had failed to satisfy the condition of ORS 115.005(3)(b). Accordingly, we reverse and remand.

For clarity, we begin with an overview of the procedures and statutes relevant to our consideration of this case. Generally, when a person dies and there is a will that has been proved, upon the filing of a petition, the probate court will appoint a personal representative to administer the decedent's estate. ORS 113.085. The personal representative's responsibilities include, among other things, sending specified information to certain persons who might have an interest in the probate proceedings and administration of the decedent's will. Two statutes that set forth those duties, ORS 113.145 and ORS 115.003, are at issue in this case.

ORS 113.145 sets forth the personal representative's responsibility to, among other things, send specific information to certain persons who might have an interest in the estate. First, upon appointment, the personal representative must "deliver or mail to the devisees, heirs and the persons described in ORS 113.035(8) and (9) who were required to

be named in the petition for appointment of a personal representative,"[1] information that includes:

"(a) The title of the court in which the estate proceeding is pending and the clerk's file number;

"(b) The name of the decedent and the place and date of the death of the decedent;

"(c) Whether or not a will of the decedent has been admitted to probate;

"(d) The name and address of the personal representative and the attorney of the personal representative;

"(e) The date of the appointment of the personal representative;

"(f) A statement advising the devisee, heir or other interested person that the rights of the devisee, heir or other interested person may be affected by the proceeding and that additional information may be obtained from the records of the court, the personal representative or the attorney for the personal representative;

"(g) If information under this section is required to be delivered or mailed to a person described in ORS 113.035(8), a statement that the rights of the person in the estate may be barred unless the person proceeds as provided in ORS 113.075 within four months of the delivery or mailing of the information; and

"(h) If information under this section is required to be delivered or mailed to a person described in ORS 113.035(9), a statement that the rights of the person in the estate may be barred unless the person proceeds as provided in ORS 112.049 within four months of the delivery or mailing of the information."

---

[1] ORS 113.035(8) describes any person asserting an interest in the estate, or on whose behalf an interest has been asserted, based on a contention that the will was ineffective, that there is another will not alleged in the petition to be the will of the decedent, or that the "decedent agreed, promised or represented that the decedent would make or revoke a will or devise, or not revoke a will or devise, or die intestate." ORS 113.035(9) describes "any person asserting an interest in the estate, or on whose behalf an interest has been asserted, based on a contention that a parent of the decedent willfully deserted the decedent or neglected without just and sufficient cause to provide proper care and maintenance for the decedent[.]"

ORS 113.145(1).[2] Second, within 30 days after appointment, the personal representative must send that same information, along with a copy of the death record of the decedent, to the Department of Human Services and OHA. ORS 113.145(6). Third, before the final account is filed, if the personal representative has actual knowledge that the petition did not include the name and address of any person "described in ORS 113.035(4), (5), (7), (8) or (9),"[3] the personal representative must make reasonable efforts to identify and locate that person, and then send that person the same information described above. ORS 113.145(5).

In addition, ORS 115.003 sets forth the personal representative's responsibility to identify and send information to any person who has or asserts a claim against the estate. During the three months following appointment (or a longer time, if allowed by the probate court), the personal representative must "make reasonably diligent efforts to investigate the financial records and affairs of the decedent and shall take such further actions as may be reasonably necessary to ascertain the identity and address of each person who has or asserts a claim against the estate." ORS 115.003(1). Then, within 30 days after that three-month period expires (including any extensions), the personal representative must "cause to be delivered or mailed to each person known by the personal representative during such period to have or assert a claim against the estate a notice

---

[2] The version of the statute that applies to this case is ORS 113.145 (2011). The statute was amended in 2013, to replace the word "certificate" with "record" in ORS 113.145(6). Or Laws 2013, ch 366, § 59. The statute has otherwise remained unchanged, and that amendment does not affect our analysis in this case. For simplicity, throughout this opinion, we refer to the current version of the statute.

[3] ORS 113.035 describes those persons as follows: "the person nominated as personal representative," ORS 113.035(4); "persons who are or would be the heirs of the decedent upon the death of the decedent intestate," ORS 113.035(5); devisees, if the decedent died testate, ORS 113.035(7); any person asserting an interest in the estate, or on whose behalf an interest has been asserted, based on a contention that the will was ineffective, there is another will not alleged in the petition, or the "decedent agreed, promised or represented that the decedent would make or revoke a will or devise, or not revoke a will or devise, or die intestate," ORS 113.035(8); and "any person asserting an interest in the estate, or on whose behalf an interest has been asserted, based on a contention that a parent of the decedent willfully deserted the decedent or neglected without just and sufficient cause to provide proper care and maintenance for the decedent," ORS 113.035(9).

containing the information required in [ORS 115.003(3)]," except that it is not necessary to give notice "on account of a claim that has already been presented, accepted or paid in full or on account of a claim that is merely conjectural." ORS 115.003(2). Pursuant to ORS 115.003(3), the information that must be contained within that notice includes:

"(a)   The title of the court in which the estate proceeding is pending;

"(b)   The name of the decedent;

"(c)   The name of the personal representative and the address at which claims are to be presented;

"(d)   A statement that claims against the estate not presented to the personal representative within 30 days of the date of the notice may be barred; and

"(e)   The date of the notice, which shall be the date on which it is delivered or mailed."

ORS 115.005 sets forth the time limitations within which claims against the estate must be presented to the personal representative. ORS 115.005(2) provides,

"Except as provided in subsection (3) of this section, a claim is barred from payment from the estate if not presented within the statute of limitations applicable to the claim and before the later of:

"(a)   Four months after the date of first publication of notice to interested persons; or

"(b)   If the claim was one with respect to which the personal representative was required to deliver or mail a notice under ORS 115.003(2), 30 days after a notice meeting the requirements of ORS 115.003(3) is delivered or mailed to the last-known address of the person asserting the claim."

An exception to the time limitations for claims is set forth in ORS 115.005(3), which provides;

"A claim against the estate presented after claims are barred under subsection (2) of this section shall be paid from the estate if the claim:

"(a)   Is presented before the expiration of the statute of limitations applicable to the claim and before the personal representative files the final account;

"(b)   Is presented by a person who did not receive a notice under ORS 115.003 mailed or delivered more than 30 days prior to the date on which the claim is presented and who is not an assignee of a person who received such notice; and

"(c)   Would be allowable but for the time at which the claim is presented."

With that background in mind, we turn to the relevant facts of this case, which are undisputed. Cloud died in August 2011, leaving a will. At a hearing on November 1, 2012, the probate court admitted Cloud's will to probate and named defendant as personal representative. King, a professional fiduciary who had served as payee of Veterans Affairs benefits for Cloud before his death, had also petitioned for appointment as personal representative and was present at the hearing. During the hearing, King testified that Cloud's estate owed more than $666,000 to the State of Oregon for care and services that Cloud had received in the state hospital before his death. King was represented by an attorney who represented both King and the State of Oregon.

On November 16, 2012, defendant, through her attorney, mailed a letter to OHA, which began, "The following information is given to you as required by ORS 113.145[.]" The letter included the information set forth under ORS 113.145(1), including a statement that

"any interested person may contest the probate of the will or the validity of the will or assert an interest in the will for any reason specified in ORS 113.075(1), but such an action must be commenced within four months after the date of delivery or mailing of the information described in ORS 113.145, or four months after the first publication of notice to interested persons, whichever is later. If you contemplate asserting any of the rights described in this paragraph, those rights may be barred unless you proceed as provided in ORS 113.075 within the specified time period."

Defendant did not send OHA notice that "claims against the estate not presented to the personal representative within 30 days of the date of the notice may be barred." ORS 115.003(3)(d).

On April 25, 2013—more than five months after defendant sent that letter—OHA submitted its claim to defendant. On or about May 15, 2013, defendant disallowed OHA's claim as untimely.

As noted, OHA initiated this action to collect on its claim. *See* ORS 115.145(1)(b) (when a claim is disallowed, the claimant may "[c]ommence a separate action against the personal representative on the claim in any court of competent jurisdiction" and "[t]he action shall proceed and be tried as any other action"). In its complaint, OHA alleged that its claim was timely, not under ORS 113.075, which sets forth procedures for contesting a will, but under ORS 115.005, which sets forth the time limitations for the presentation of claims against an estate. According to OHA, because defendant did not send a notice to OHA with the information required by ORS 115.003, its claim qualified for an exception to the time limitations, as provided in ORS 115.005(3). *See* ORS 115.005(3) (an untimely claim shall nevertheless be paid if, among other things, it is "presented by a person who did not receive a notice under ORS 115.003 mailed or delivered more than 30 days prior to the date on which the claim is presented[.]").

In response, defendant moved for summary judgment, arguing that OHA's claim did not qualify for an exception to the time limitations under ORS 115.005(3). Defendant argued that, because OHA had actual notice of the probate proceedings through its participation in the proceedings that resulted in the appointment of defendant as personal representative and through the letter of notice that defendant sent in compliance with ORS 113.145, a second notice under ORS 115.003 was not required. The trial court granted defendant's motion for summary judgment, finding the motion "well taken," and dismissed OHA's complaint. OHA now appeals.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. When, as here, there are no disputed material questions of fact, the decisive issue is whether the moving party was entitled to prevail as a matter of law. *See Dept. of Human Services v.*

*Broyles*, 228 Or App 264, 267, 208 P3d 519 (2009) (applying that standard). In this case, that question is controlled by an interpretation of the relevant statutes. Specifically, we must decide whether defendant was required to send OHA a notice under ORS 115.003, given the undisputed facts that defendant sent OHA a notice under ORS 113.145 and OHA had actual knowledge of the probate proceedings. When construing a statute, our goal is to discern the legislature's intent by examining the text and context of the statute, and the legislative history, if useful. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

OHA argues that, because defendant knew that OHA had a claim against Cloud's estate, defendant was required to send a notice to OHA consistent with the requirements of ORS 115.003, including notice that "claims against the estate not presented to the personal representative within 30 days of the date of the notice may be barred." ORS 115.003(2), (3)(d). According to OHA, actual notice of the probate proceedings is not sufficient to satisfy defendant's responsibility to send notice under ORS 115.003.

Defendant responds that OHA's argument fails to take into account the entire statutory scheme of the probate code. According to defendant, ORS 113.145 requires a personal representative to send notice to all known "interested parties"—including persons with claims against the estate—at the commencement of the probate proceedings, while ORS 115.003 requires the personal representative to identify and send notice to "later-discovered creditors." In support of that contention, defendant asserts that the legislature added ORS 115.003 to the probate code in response to *Tulsa Professional Collection Services v. Pope*, 485 US 478, 108 S Ct 1340, 99 L Ed 2d 565 (1988) (*Tulsa*), in which the United States Supreme Court determined that the Due Process clause of the United States Constitution requires that a known or "reasonably ascertainable" creditor be given "'[n]otice by mail or other means as certain to ensure actual notice.'" *Id.* at 491 (quoting *Mennonite Board of Missions v. Adams*, 462 US 791, 800, 103 S Ct 2706, 77 L Ed 2d 180 (1983)) (brackets in original). Thus, according to defendant, the sending of a notice to OHA under ORS 113.145 at the

commencement of the probate proceedings—and OHA's undisputed actual notice of the probate proceedings—eliminated the need for defendant to send an additional notice to OHA under ORS 115.003.[4]

The text of ORS 115.003 unambiguously requires a personal representative, within three months of appointment (unless a longer time is allowed by the probate court), to take reasonable actions to identify "each person who has or asserts a claim against the estate." ORS 115.003(1); *see also* ORS 111.005(7) (as used in probate law, a "claim" includes "liabilities of a decedent, whether arising in contract, in tort or otherwise"). Within 30 days after the expiration of that three-month period (including any extensions approved by the court), the personal representative must provide a notice "to each person known by the personal representative during such period to have or assert a claim against the estate." ORS 115.003(2). That notice must contain the information set forth in ORS 115.003(3), including "[a] statement that claims against the estate not presented to the personal representative within 30 days of the date of the notice may be barred[.]" ORS 115.003(3)(d). Although ORS 115.003(2) provides that "it shall not be necessary to give notice on account of a claim that has already been presented, accepted or paid in full or on account of a claim that is merely conjectural," the plain text of the statute does not include an exception for claims held by persons who have actual knowledge of the probate proceedings but have not yet presented their claims to the personal representative.

The context and legislative history of ORS 115.003 do not suggest a legislative intent contrary to the unambiguous meaning of the text of the statute, set forth above. First, we do not agree with defendant's contention that,

---

[4] Defendant also argues that the claim was properly disallowed because it did not satisfy the other requirements of ORS 115.005(3)—that is, that OHA's claim was not presented before the personal representative filed the final account, ORS 115.005(3)(a), and the claim would not be allowable but for the time at which the claim was presented, ORS 115.005(3)(c). Because the parties dispute those issues, those arguments were not made to the trial court, and the record could have developed differently had those issues been raised, we decline to address them for the first time here. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (describing circumstances under which a ruling can be affirmed for an alternative reason).

upon appointment of a personal representative, all known persons with a claim against the estate would receive a notice as an "interested party" under ORS 113.145, and that a notice under ORS 115.003 is required only for "later-discovered creditors." ORS 113.145 requires that a personal representative send certain information to certain persons or entities, within specified time limitations: upon appointment of a personal representative, notice must be sent to "the devisees, heirs and the persons described in ORS 113.035(8) and (9)," ORS 113.145(1); before the filing of the final account, notice must be sent to "any person described in ORS 113.035(4), (5), (7), (8) or (9)," that was not named in the petition, ORS 113.145(5); and within 30 days after the appointment of the personal representative, notice must be sent to the Department of Human Services and OHA. ORS 113.145(6). Contrary to defendant's assertions, ORS 113.145 does not require that notice be sent to all persons with claims against the estate. *See also* Tape Recording, Senate Judiciary Committee, SB 307, Jan 25, 1989, Tape 9, Side B (statement of attorney Warren Deras) (testifying in support of the law that would later be codified as ORS 115.003; stating that, under Oregon law at that time (which included ORS 113.145 (1989)), heirs and devisees were entitled to individual, personal notice, and "creditors" were not). As such, ORS 113.145 requires notice to be sent to devisees, heirs, and certain specified persons with an interest in the estate, as noted above, while ORS 115.003 separately requires notice to be sent to any person known to have or assert a claim against the estate. Those are different groups of persons, and those receiving notice under ORS 113.145 do not necessarily include those who must receive notice under ORS 115.003.

Moreover, a notice under ORS 113.145 must contain certain information that is different than the information required under ORS 115.003. ORS 113.145 requires that the notice include, among other things, a statement that the rights of the person in the estate may be barred unless the person proceeds, as specified under the statute, within four months of the delivery or mailing of the information. ORS 113.145(1)(g) (relating to persons described in ORS 113.035(8)); ORS 113.145(1)(h) (relating to persons described

in ORS 113.035(9)). In contrast, ORS 115.003 requires that the notice include, among other things, "[a] statement that claims against the estate not presented to the personal representative within 30 days of the date of the notice may be barred" and "[t]he date of the notice, which shall be the date on which it is delivered or mailed." ORS 115.003(3)(d), (e). Because a notice satisfying the requirements of ORS 113.145 is qualitatively different than a notice satisfying the requirements of ORS 115.003—most importantly, it need not state that any claim against the estate may be barred if not presented to the personal representative within 30 days of the date of the notice—such notice does not fulfill the requirements of ORS 115.003.

Second, we do not agree with defendant's broader contention that, because the purpose of ORS 115.003 is to increase the likelihood that creditors receive actual notice of probate proceedings, the notice described in ORS 115.003 is unnecessary and not required when a creditor has actual knowledge of probate proceedings by another means. As defendant asserts, the legislature added ORS 115.003 to the probate code in response to *Tulsa*, 485 US 478. Tape Recording, Senate Judiciary Committee, SB 307, Jan 25, 1989, Tape 9, Side B (statement of attorney Warren Deras) (stating that the Oregon statutory structure at the time suffered from the "same constitutional problem" addressed in *Tulsa*). But even though the purpose of ORS 115.003 was to increase the likelihood that persons with claims against estates would receive actual notice of probate proceedings—as opposed to merely published notice—nothing in the statute itself suggests that the notice requirement of ORS 115.003 would be excused when such persons receive actual notice of the probate proceedings by some other means. *Cf. Lawver v. Beesley*, 86 Or App 711, 719-20, 740 P2d 1215 (1987) (personal representatives' failure to send notice to known heirs, as required by ORS 113.145 (1987), was not satisfied by published notice, because the personal representatives "were under a statutory duty to provide notice by a certain method and failed to do so," and it was "not enough that [the heirs] may have actually received notice of the facts which they were entitled to know"); *DCBS v. Muliro*, 267 Or App 526, 534, 341 P3d 131 (2014) (in the

workers' compensation context, the employer's knowledge of the claimant's secondary employment did not satisfy the claimant's duty to provide notice to the employer's insurer under ORS 656.210(2)(b)). Instead, the statute unambiguously requires the personal representative to send specific information to each person known by the personal representative, during the three months after appointment of the personal representative (unless a longer time is allowed by the court), to have or assert a claim against the estate. ORS 115.003.

In this case, OHA had a claim against Cloud's estate for the cost of care and services rendered by the Oregon State Hospital before Cloud's death. Because defendant knew about OHA's claim during the three months after her appointment as personal representative, she was required to send OHA notice under ORS 115.003, including information about the probate proceedings and a "statement that claims against the estate not presented to the personal representative within 30 days of the date of the notice may be barred[.]" ORS 115.003(2), (3). Defendant did not send OHA that required notice.[5] Thus, OHA's claim fulfilled the requirement of ORS 115.005(3)(b)—that it was "presented by a person who did not receive a notice under ORS 115.003 mailed or delivered more than 30 days prior to the date on which the claim is presented and who is not an assignee of a person who received such notice[.]"

The trial court erred by granting summary judgment in favor of defendant for the reason that OHA had failed to satisfy the condition of ORS 115.005(3)(b).

Reversed and remanded.

---

[5] Because defendant's letter to OHA did not include all of the information required under ORS 115.003, we need not decide whether defendant could have satisfied the notice requirements of both ORS 113.145 and ORS 115.003 with a single letter.